WILLIAM QUINN and another *vs.* ANDREW OLSON.

January 18, 1886.

**Appeal—Erroneous but Immaterial Finding of Fact.**—A finding of fact by the court, erroneous because unsupported by evidence, will be disregarded when it is apparent that it cannot have affected the determination of the cause.

**Vendor and Purchaser—Time of Essence of Contract—Waiver of Default.**—Default having occurred in respect to payments upon a contract for the purchase of land, if the vendor, having a knowledge of the facts, treats the contract as still subsisting, he will be deemed to have waived his right to enforce a forfeiture of the contract for the past default, although time was made of the essence of the contract.

**Same—Waiver—Proved but not Pleaded.**—Effect may be given to such a waiver, the proof of which was received without objection, although the fact pleaded was that the time of making payment had been extended.

**Same—Purchaser entitled to Reasonable Time after Waiver.**—After such a waiver, reasonable time and opportunity must be allowed for making payment. A notice by the vendor of a purpose to sell the land to another at the first opportunity, although he also agrees to accept payment if made before such sale should be effected, is insufficient to terminate the contract.

Appeal by plaintiffs from an order of the district court for Wright county, *Lochren,* J., presiding, refusing a new trial.

*Woods & Hahn,* for appellants.

*J. H. Wendell,* for respondent.

DICKINSON, J. Action for ejectment. The facts found by the court which we have occasion to consider, may be briefly stated as follows: Both parties claim under a corporation known as "C. Aultman & Co.," the former owner of the land. In February, 1881, C. Aultman & Co. entered into a contract in writing with the defendant for the sale of the land to him, under which the defendant was given the possession of the land, which he has ever since retained. Payments of the purchase price to the amount of $200 were made. One hundred and sixteen dollars and sixty-seven cents of the purchase price became due, by the terms of the contract, January 1, 1882, and a like sum one year thereafter. December 31, 1881, C. Aultman & Co., as is found, consented to extend the time for making the payment falling due on the following day, but such extension was not for any specified period. Again, December 29, 1882, C. Aultman & Co. consented to extend, but for no specified period, the time for the payment of the last-mentioned instalment, already due, and that which was to become due January 1, 1883. On both of the dates last named the interest then accrued upon the unpaid purchase price was paid. January 6, 1883, C. Aultman & Co., writing to the defendant concerning the two instalments then due, said: "You should make an effort to take up a large portion, if not all, of the principal now past due on your contract, and we shall expect that, during the coming months, you will get considerable money to us." January

18, 1883, (this should probably be January 8th,) C. Aultman & Co., by its agent, one Egan, demanded the payment of those instalments, and notified the defendant that they should sell the land to another purchaser at the first opportunity, but agreed to accept payment, if made before February 1, 1883, provided the land should not be previously sold. March 1, 1883, such instalments being still unpaid, the defendant sought a further extension of 10 days to make payment. This was refused, C. Aultman & Co. stating that they would be likely to sell the land at once; but that if the land should remain unsold for the period of 10 days, payment made within that time would be accepted. Thereafter, and on the same day, March 1, 1883, C. Aultman & Co. bargained to sell the land to these plaintiffs, and on the fifth of the same month conveyed it to them by deed. On the following day C. Aultman & Co. notified the defendant that his contract was forfeited. Two days after this the defendant tendered payment of the instalments then due, which was refused. The conclusion of the court was that the contract was still in force, and that the plaintiff acquired the legal title subject thereto.

It is urged by the appellants (plaintiffs) that the evidence does not sustain the findings as to the agreed extensions of December 31, 1881, and December 29, 1882. In the evidence returned to this court it must be admitted that there is nothing supporting the finding of such an extension made December 31, 1881; but it is apparent from a consideration of the whole case that this finding, although erroneous, cannot in any manner have affected the determination of the cause in the court below, and is immaterial. The fact, entirely distinct from this, found by the court, as to the transaction of December 29, 1882, extending the time for the payment of *both* of the instalments in question, is supported by the evidence, and renders unimportant the fact as to whether or not there had, prior to that time, been any extension of the time of payment, or any acquiescence in the default.

Although the terms of the original contract were, as seems to be conceded, such as to require strict performance of the prescribed conditions of payment, yet such conditions, and the right to enforce a forfeiture upon default in performance, would be effectually waived, if the party entitled to enforce the forfeiture should, after default, and

with knowledge of the facts, treat the contract as still in force, or should deal with the other party in a manner consistent only with a purpose on his part to regard the contract as still subsisting, and not terminated by the default. Pomeroy on Contracts, §§ 337, 381, 394. 418; *Wiswall* v. *McGowan,* Hoff. Ch. 125; *Paulman* v. *Cheney,* 18 Neb. 392; *Ewing* v. *Gordon,* 49 N. H. 444, 460; *King* v. *Wilson,* 6 Beav. 124; *Webb* v. *Hughes,* L. R. 10 Eq. 281; *Wood* v. *Bernal,* 19 Ves. Jr., 220; and see *Coles* v. *Shepard,* 30 Minn. 446.

The conclusion of the learned judge whose decision is before us was to the effect that C. Aultman & Co. waived strict performance of their contract in respect to the time of payment of the two instalments under consideration. We think this conclusion was right. By the letter of January 6, 1883, following the transaction of December 29, 1882, C. Aultman & Co., while treating of the fact of the defendant's default, unequivocally recognized the contract as still subsisting, and urged the defendant to further performance of it.

In reference to the point that such effect should not be given to the evidence, because the defendant did not in his answer plead a *waiver* of performance, but an extension of the time of performance, it is to be observed that no fault is found upon this ground with the *facts* established by the determination of the court, and no objection was interposed to the evidence showing the existence of these facts. The result declared by the court is a proper legal conclusion from those facts, and, although falling short of the allegations of the complaint, is still within those allegations, and entitles the defendant to the equitable relief sought. An extension of the prescribed time of payment would necessarily, as a legal result, constitute a waiver of the right to enforce the contract according to its terms.

Strict performance according to the terms of the contract having been waived as to the instalments then due, a reasonable time and opportunity should have been thereafter allowed to the defendant in which to make payment. The period allowed for this purpose might have been reasonably limited by notice, but could not be terminated summarily, without notice and opportunity to perform. Pomeroy on Contracts, 396, 397; *Ewing* v. *Gordon, supra; Wiswall* v. *McGowan, supra; McMurray* v. *Spicer,* L. R. 5 Eq. 527; *Webb* v. *Hughes, supra.*

The transactions of January 18th, (or 8th,) and of March 1st, were ineffectual to terminate the contract rights of the defendant. The contract could not be thus at once forfeited. These transactions were of no avail as notices prescribing a time within which payment must be made, because no time at all was really allowed for that purpose. The declared purpose was to sell the land upon the first opportunity, and the promise to accept payment, if made within the periods mentioned, was only upon the condition that a sale should not be previously effected.

Order affirmed.