J. O. SYLVESTER v. WINSLOW HOLASEK and Another.[1]

May 31, 1901.

Nos. 12,639—(126).

**Vendor and Purchaser—Laws 1897, c. 223.**

The owner of land, who has contracted to sell the same, may terminate the rights of the purchaser for deferred payments, under Laws 1897, c. 223, which requires service of notice, as provided for therein, stating the time, not less than thirty days from such service, when the rights of the purchaser will be canceled.

**Notice—Subsequent Tender.**

Where such notice has been served as required by the terms of the

---

[1] Reported in 86 N. W. 336.

statute, and the time to be relieved from default has passed, the purchaser's legal right to pay the amount due on the same is terminated, and a tender thereof after such time will not be of avail.

## Waiver.

Where a bank check has been tendered to the wife of the contractor in such a case, who, in the absence of her husband, accepted it, and the husband seasonably returned the check, the acceptance of the check by the wife did not constitute a waiver of such deferred payment, nor reinstate the purchaser to his former legal rights under the contract.

Action in the district court for Traverse county to determine adverse claims to real estate. The case was tried before Steidl, J., who found in favor of defendants. From an order, Flaherty, J., denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. Van Valkenburg*, for appellant.

*Wilson & Van Derlip*, for respondents.

LOVELY, J.

This action was brought to determine adverse claims of defendants to a quarter section of land in Traverse county. Upon a settled case, embracing the evidence, the trial court made its findings, and ordered judgment for defendants. From an order denying a new trial, plaintiff appeals.

Under the issues, the only question which we can consider is whether a default in the payment of instalments due upon a land contract was waived by defendants. Material facts found by the trial court, reasonably supported by the evidence, show that Winslow Holasek is the owner of the land in question. Defendant Mary Holasek is his wife. The husband and wife both executed and delivered to one Konchal a contract for the sale of the land. Konchal assigned his interest to one Lund, who afterwards assigned to plaintiff. By the terms of the contract, interest on the unpaid purchase price was payable on the first days of September and March, and $100 of the purchase price, still unpaid, was to become due the first of each November thereafter, while the contract remained in force. September 1, 1899, an interest payment amounting to $31.50 fell due, and was not paid by the plaintiff. On the first day of November following, a portion of the purchase price

also became due and was not paid. By the terms of the contract, it was provided that:

"In case of the failure of said party of the second part to make either of the payments, or interest thereon, or any part thereof, or perform any of the covenants on his part hereby made and entered into, then the whole of said payments and interest shall, at the election of said first party, become immediately due and payable, and this contract shall, at the option of the party of the first part, be forfeited and determined by giving to said second party thirty days' notice, in writing, of the intention of said first party to cancel and determine this contract, setting forth in said notice the amount due upon said contract, and the time and place when and where payment can be made by second party."

On February 19, 1900, the overdue principal and interest not having been paid, defendants, in accordance with the statute requirements, Laws 1897, c. 223, served written notice upon the plaintiff, personally and by publication, as required in that act, that unless the same was within thirty days paid that the contract would be canceled on the expiration of such period, viz., April 3, 1900. Plaintiff concedes the service of this notice, but claims that by some oversight he supposed he could make the payments required at any time before April 7, and on that day he tendered Mary Holasek, the wife of Winslow Holasek, the husband being absent from home, his bank check for the amount named in the notice, with subsequent costs, and that Mrs. Holasek accepted such check, whereby he claims he was reinstated to his rights under the contract. The trial court found, upon sufficient evidence, that the check was seasonably returned to the agent of the plaintiff who made the tender, for the reason that it was presented too late, and the determination of this appeal involves no other question, under plaintiff's assignments of error, than whether the acceptance by the defendant's wife of the check in the absence of her husband, followed by the return of the same, constitutes a waiver of the default, and accomplished a reinstatement of the rights of the plaintiff.

While Laws 1897, c. 223, was enacted to prevent persons having rights under executory contracts for the purchase of lands from being cut off prematurely upon failure to meet instalments due thereon, and apparently to protect them from a determination of

such rights after default, the statute goes further, and in plain terms provides a lawful method by which such rights shall be terminated, fixing the time within which the purchaser may pay the amount due to relieve him of his default, and thus, by the clearest implication, excludes the right of such purchaser to make payment after such time has expired; hence it follows, to give effect to this statute it must be held that the failure of the plaintiff to make payment by the time provided in the notice gave him no further redress, and it is not a sufficient excuse that so short a time as four days only intervened after the designated date.   While so brief a period might make but little difference to defendants, we have no right to amend or change the statute, which provides a limitation upon the purchaser's remedy, which was within the legislative will as thus expressed.   The control of this subject by the lawmaking power was full and plenary, which it is our plain duty to recognize and enforce.   It follows that, when the period for relief expired, all legal rights of plaintiff in the land, under his contract, under the statute, ended.

It is not necessary to consider whether equitable features in behalf of plaintiff might not exist to relieve him of such default. No such question is presented by the record.   He stands upon his asserted right to pay the amount due to the defendant's wife, who by reason of the termination of such right, and the forfeiture thereon, had only an inchoate interest in the property, which would depend upon a future contingency, that might or might not happen.

The legal rights of Holasek and wife, at the time plaintiff tendered the check to Mrs. Holasek, were, when force is given to the statutory forfeiture, the same as at the time when the contract was executed.   The wife of the contractor could not, therefore, do any act to reinstate the plaintiff; for such act would amount to a new contract for the sale of land, which she was clearly prohibited from making.   G. S. 1894, § 5534.

Order affirmed.