## WILLIAM E. ODEGAARD AND ANOTHER v. ROBERT M. MOE AND ANOTHER.

119 N. W. (2d) 281.

December 21, 1962—No. 38,609.

*Harry N. Ray,* for appellants.
*Callahan & Callahan,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Action in unlawful detainer instituted in the municipal court of Minneapolis by plaintiffs, William E. Odegaard and Irene Smith Odegaard, vendors in a contract for deed dated April 25, 1960, of certain premises in Hennepin County described as Lot 1, Block 1, C. A. Bartlett's Addition to Minneapolis. Defendants are vendees in such contract, and the action is based upon the claim that they unlawfully retained possession of such premises after plaintiffs' cancellation of the contract for deed.

The stipulated facts establish that the cancellation proceedings followed the payment of the required mortgage registration tax. The notice of cancellation was served upon defendants on August 8, 1961. It set forth defendants' default in making a required payment of $28 due plaintiffs under the contract as of August 1, 1961, and in making required first-mortgage payments due Twin City Federal Savings and Loan Association, mortgagee, as of June 15 and July 15, 1961.

In defense, defendants submitted that on August 9, 1961, during the 30-day period following service of notice of cancellation of the contract, they paid plaintiffs the $28 due August 1, 1961, which they contend nullified the cancellation and reinstated the contract for deed. No mortgage payments were made, which payments, as indicated in the notice of cancellation, were also in default. The $28 payment was retained by plaintiffs.

In its findings the trial court determined:

"That Notice of Cancellation of this Contract specifically referring to the non payment of the sums due to Twin City Federal Savings and Loan Association on June 15, 1961 and July 15, 1961 and to the Plaintiffs on August 1, 1961 was served upon the Defendants herein in the manner required by law August 8, 1961.

\*　　\*　　\*　　\*　　\*

"That the condition of default referred to in said Notice continued for more than thirty (30) days thereafter except that the Defendants

paid and the Plaintiffs accepted the payment of $28.00, being the payment due on August 1, 1961 on said Contract, during the thirty (30) day period following the service of the Notice of Cancellation on August 8, 1961, said payment being made and received August 9, 1961. That in all other respects the condition of default continues and that said Contract for Deed is now terminated.

"That by reason of the termination of said Contract Defendants continue unlawfully in possession of the property described therein and have failed and refused to quit the same."

Based thereon the court concluded that plaintiffs were entitled to immediate possession of the premises and ordered that a writ of restitution issue. Judgment was entered and defendants instituted the present appeal therefrom, again contending that the acceptance of the August 1 contract payment during the cancellation proceedings had the effect of reinstating the contract for deed.[1]

1. The exact question presented here has not as yet been passed upon by this court. In Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336, a defaulted payment specified in the notice of cancellation was paid to the wife of the owner after termination of the 30-day cancellation period. The installment thus paid was subsequently returned to the vendee. There, this court held that the payment made by the vendee did not nullify the cancellation proceedings which prior thereto had terminated the vendee's interest in the property, since to hold

---

[1]Minn. St. 559.21 provides in part that: "When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser * * * notice specifying the conditions in which default has been made, and stating that such contract will terminate 30 days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service, together with an amount to apply on attorneys' fees * * *.

\* \* \* \* \*

"If, within the time mentioned, the person served complies with such conditions and pays the costs of service and attorneys' fees as provided herein, the contract shall be thereby reinstated; but otherwise shall terminate."

otherwise in effect would validate the creation of a new contract for sale of the real estate involved, which the wife of the owner was not legally qualified to make.

In Swanson v. Miller, 189 Minn. 158, 248 N. W. 727, the notice of cancellation specified that default existed under the terms of a contract for deed in the failure of the vendee therein to make payment of a certain first mortgage which he was required to pay. The notice made no reference to payments otherwise due under the contract for deed. There, during the 30-day cancellation period, the vendee made payment to the vendor of a $35 installment due on the contract which had not been referred to in the notice of cancellation, but made no tender or payment of the mortgage which was referred to in the notice; and accordingly, it was held that acceptance of the contract payment did not constitute a waiver of the conditions of the cancellation notice.

In Jandric v. Skahen, 235 Minn. 256, 50 N. W. (2d) 625, prior to the expiration of the 30-day cancellation period, the vendee, in a contract for deed, gave the vendor a personal check for the amount in default under the contract, including delinquent taxes, all as required by the notice of cancellation. The check was returned by the bank for "insufficient funds." Thereupon the vendee promptly, but shortly after expiration of the 30-day period, offered a certified check and cash to the vendor's attorney for the items in default. The latter accepted the payment conditionally, but held it for a period of 14 days before returning it to the vendee. There we held that the retention of the money constituted a waiver of the cancellation proceedings, stating (235 Minn. 259, 50 N. W. [2d] 627):

"* * * acceptance of payment after default is wholly inconsistent with the insistence upon a forfeiture * * *.

* * * * *

"* * * There is no reason to suppose that this statute [Minn. St. 559.21], itself designed to 'ameliorate' the harsh result of forfeiture, was intended to deprive the vendee of any relief which he might obtain through the operation of a waiver. We conclude, therefore, that a vendor may waive his right to insist upon a forfeiture by acts done

after the expiration of the 30-day period, and this his [vendor's] acceptance of the amount in default as a payment on the contract, constitutes such a waiver as a matter of law."

2. In the instant case the notice of cancellation specified both default in a payment due under the contract and in the payment of mortgage installments which the vendees were required to pay thereunder. The payment made by the vendees did not include the mortgage payments in default, but nevertheless the vendors accepted it without protest, making no reference to the mortgage installments. Insofar as the vendees were able to determine, the payment appeared to satisfy the vendors, and we cannot escape the conclusion that the vendors' actions in accepting and retaining the payment in effect constituted a waiver of the provisions of the cancellation proceedings and a reinstatement of the contract for deed.

Our conclusion in this respect is further supported by the fact that, although such payment was made long prior to the expiration of the 30-day expiration period, it was never returned to the vendees at any time. In Jandric v. Skahen, *supra*, it was held that retention of the payment of the amount in default for a period of 14 days, where all parties were in close proximity to each other, was sufficient to establish as a matter of law an intention to waive the conditions of the cancellation proceedings. Here, the same principle would appear to be applicable, particularly in the absence of evidence or a finding to establish any contrary intent on the part of the vendors. It has been applied in a number of decisions in jurisdictions where no statute such as § 559.21 is in effect. Johnson v. Feskens, 146 Ore. 657, 31 P. (2d) 667, 107 A. L. R. 340; Hoppin v. Munsey, 185 Cal. 678, 198 P. 398; La Chance v. Brown, 41 Cal. App. 500, 183 P. 216; Gannaway v. Toler, 122 Miss. 111, 84 So. 129; Cheff v. Haan, 269 Mich. 593, 257 N. W. 894.

As indicated in the Jandric case, the statute was designed to (235 Minn. 260, 50 N. W. [2d] 628) " 'ameliorate' the harsh result of forfeiture," and not "to deprive the vendee of any relief which he might obtain through the operation of a waiver."

Reversed.