344

GERALD R. FRASER AND ANOTHER v. VIRGIL
H. SCHARBER AND ANOTHER.

173 N. W. (2d) 328.

December 19, 1969—No. 41730.

*Sokolowski & Keating* and *Arlene Vickers,* for appellants.
*Roger W. Reed* and *Dan T. Ryerson,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Graff, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the Hennepin County Municipal Court entered on October 11, 1968, finding defendants guilty of the unlawful detention of real estate and directing restitution.

The issue for decision is whether the right to cancel a contract for deed for failure to pay real estate taxes, as specified in the notice of cancellation, was waived by conduct of the vendors after the vendees had paid the taxes. We hold that there was a waiver as a matter of law and the order from which the appeal has been taken is reversed.

The significant facts are these: On February 1, 1968, Gerald R. Fraser and Edith V. Fraser, husband and wife, entered into a contract for deed with Virgil H. Scharber and Patricia A. Scharber, husband and wife, by the terms of which the Frasers, as vendors, sold and agreed to convey to the Scharbers a house and lot in Hennepin County, Minnesota, for $25,300. The receipt of $700 in cash was acknowledged, with the balance of $24,600 to be paid at the rate of $175 per month beginning March 1, 1968. The buyers also agreed to make timely payment of taxes due and payable in 1968 and thereafter. The contract provided that upon any default by the vendees, the vendors were entitled to cancel the contract by written notice given in accordance with statute. It was specifically provided that the time specified for payments should be of the essence.

At the time this contract was entered, Mr. and Mrs. Scharber were living in the house which they purchased. It had been built by the Frasers but was not completely ready for occupancy. The understanding between the parties was that the downpayment of $700, receipt of which was acknowledged in the contract for deed, would be satisfied by painting and decorating work on the house to be done by the Scharbers. In addition, there was grading work which had not been completed, and by an agreement attached to the contract for deed, the vendors agreed to bring in "clean clay fill" and "rough and fine grade the property by June 1, 1968." This agreement provided that upon failure of the vendors to do this grading work by June 1, 1968, the vendees should have the right to "have such work done and be credited for the cost thereof against payments on said Contract for Deed."

On August 20, 1968, a notice of cancellation of this contract for deed was served upon Mr. and Mrs. Scharber. It provided that the following condition of the contract was in default:

"All taxes due and payable in 1968 were to be paid by vendees before penalty attached. The first half of 1968 real estate taxes, due May 31, 1968, has not been paid."

The notice further stated that the contract would be canceled and terminated 30 days after the service of the notice unless prior thereto "you comply with said condition of said contract so in default and pay the costs of service of this notice and attorneys' fees in the amount of $50.00 actually expended or incurred by the undersigned," i.e., Gerald R. and Edith V. Fraser.

Eight days after the Scharbers received this notice of cancellation, they paid to Kenneth E. Pettijohn, the Hennepin County treasurer, all taxes due on the property then totaling $44.30. On September 1, 1968, they forwarded to the vendors a draft in the amount of $175 as the monthly payment required under the contract, together with a receipt from the Hennepin County treasurer showing payment of taxes. On September 2, 1968, the contract vendors by letter advised the Scharbers that the $175 payment and the tax receipt had been received. The letter indicated, however, that the draft would be applied in part to the payment of attorneys' fees and costs in the amount of $55 incurred in making service of the notice of cancellation. In response to this letter, the attorneys for the vendees notified the vendors, among other things, that the attorneys' fees and costs incurred in serving the notice of cancellation would not be paid. The contract vendors retained the Scharber draft in the amount of $175 together with the tax-payment receipt until September 20, 1968—one day after the statutory period of redemption had lapsed. They then returned the draft along with a money order in the amount of $44.30 payable to the Scharbers—the amount that the latter had paid on account of real estate taxes due and payable as of May 31, 1968. The $175 check returned to the vendees has been retained by their counsel and the money order in the amount of $44.30 has been shuttled back and forth between the parties, neither one being willing to accept it.

In our judgment, the equivocal course of action taken by the vendors after being informed that the real estate taxes had been paid by the contract vendees constituted a waiver of their right to cancel the contract upon the ground specified. Although not

directly in point, both Jandric v. Skahen, 235 Minn. 256, 50 N. W. (2d) 625, and Odegaard v. Moe, 264 Minn. 324, 119 N. W. (2d) 281, appear to support this disposition of the case. The aversion of the courts to declaring a forfeiture of valuable contract rights on account of minor defaults in performance[1] is particularly acute in a situation where the vendees' failure to perform was promptly cured by the payment of the taxes. We do not think it is sound public policy to encourage parties to cancel contracts for deed merely because of a dispute or misunderstanding over the payment of $55 for attorneys' fees and expenses. A party who is contending that a contract for deed is void because of failure to pay such an amount for attorneys' fees and costs, as in this case, must recognize that any conduct indicating less than a clear and unmistakable intent to effect this result may be treated as a waiver of the right to effect a forfeiture. While we find it very difficult to understand why the counsel for the vendees would expose his clients to the risk of a contract cancellation by the refusal to pay the attorneys' fees and costs clearly required by the statute,[2] the catastrophic results which would have occurred in this case, absent a waiver, were averted when the vendors recognized the continued validity of the contract for deed by their equivocal letter of September 2, 1968.

No costs or disbursements are to be taxed. Minn. St. 607.01.

Reversed.

---

[1] Jandric v. Skahen, 235 Minn. 256, 50 N. W. (2d) 625; 37 C. J. S., Forfeitures, § 4, p. 8.

[2] Minn. St. 559.21. Counsel for vendees admitted at trial that his clients were obligated to pay the $55 attorneys' fees and costs.