CITY OF WORTHINGTON POLICE DEPARTMENT, Respondent,

v.

ONE 1988 CHEVROLET BERRETA, MAROON IN COLOR, BEARING LICENSE # 520 CLF, AND BEARING VIN # 1G1LV1412JE6227125, Appellant.

No. C2–93–2266.

Court of Appeals of Minnesota.

May 24, 1994.

Ronald R. Frauenshuh, Jr., Ortonville, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Asst. Atty. Gen., St. Paul, and Ken Kohler, Nobles County Atty., Michael V. Tow, Asst. County Atty., Worthington, for respondent.

Considered and decided by AMUNDSON, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This is an appeal from summary judgment granted to respondent City of Worthington Police Department in a proceeding for the forfeiture of a 1988 Chevrolet Berreta used as transportation to and from the scene of a burglary.

## FACTS

In January 1993, Claryn VanMeekeren drove to the Worthington Holiday Inn in his 1988 Chevrolet Berreta. He entered one of the guest rooms without permission and stole a color television set valued at $300. He then used the car to deliver the TV to another person.

In June 1993, VanMeekeren pleaded guilty to third degree felony burglary charges. Respondent seized the Berreta, valued at somewhere between $2500 and $4500, initiated forfeiture proceedings, and moved for summary judgment, which the trial court granted.

VanMeekeren alleges that the Minnesota forfeiture statute, on its face and as applied, violates the constitutional prohibition against excessive fines. He also challenges the trial

court's determination that his vehicle was used to commit the burglary.

## ISSUES

1. Does the Minnesota forfeiture statute violate the excessive fines clause of the Minnesota and U.S. Constitutions by not permitting the trial court any discretion in ordering forfeiture, or by permitting the forfeiture of property that has a value significantly greater than the cost to society of the crime committed or the cost of enforcing the law?

2. Is a vehicle used for transportation to or from the scene of a crime subject to forfeiture?

## ANALYSIS

■ Interpretation of a statute is a question of law. *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993). A duly-enacted statute carries with it a presumption of constitutionality, and a party challenging a statute must establish beyond a reasonable doubt that the statute violates a claimed right. *Id.*

### 1. Constitutional Claims

The Eighth Amendment to the U.S. Constitution prohibits imposition of excessive fines.[1] VanMeekeren alleges that the statute improperly bars trial courts from exercising any discretion in ordering forfeiture of property used to commit or facilitate a crime. He also alleges that the forfeiture ordered in this case was excessive because it was significantly disproportional to the severity of the offense.

■ VanMeekeren offers no legal support for his proposition that a statutory mandate to order forfeiture of property is per se excessive and unconstitutional. Even if this proposition were true, it would not apply here, because Minnesota courts are never required to order forfeiture. A law enforcement agency that wishes to deprive an owner permanently of property must petition the court for an order of forfeiture. *See* Minn.

Stat. § 609.531, subd. 6a (1992). Once the court determines that property is subject to forfeiture, it must "decide whether to order forfeiture and how to dispose of the forfeited property." *City of Faribault v. One 1976 Buick LeSabre, Serial Number 4P39J6X159337,* 408 N.W.2d 584, 588 (Minn. App.1987) (affirming trial court decision not to order forfeiture of vehicle that it determined was subject to forfeiture). Thus, Minnesota courts have discretion to order forfeiture, in whole or in part, of property used to commit or facilitate a designated offense under the Minnesota forfeiture statute.

VanMeekeren also asserts that forfeiture in this case was excessive because (1) the value of the Berreta far exceeded the value of the stolen TV, (2) the police recovered the TV and the victim suffered very little actual loss, and (3) the cost of enforcing the law was slight. None of these facts demonstrate that the forfeiture of the Berreta was an excessive fine.

■ Where a civil sanction is not solely remedial but also serves retributive or deterrent purposes, it is considered to be a form of punishment and is subject to the limitations of the eighth amendment. *Austin v. United States,* —— U.S. ——, ——, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). Eighth amendment challenges to civil forfeitures should be analyzed under the excessive fines clause. *Id.; Alexander v. United States,* —— U.S. ——, —— – ——, 113 S.Ct. 2766, 2775–76, 125 L.Ed.2d 441 (1993). But the United States Supreme Court has declined to state the precise factors that should inform an inquiry into whether a given forfeiture is constitutionally excessive: "Prudence dictates that we allow the lower courts to consider that question in the first instance." *Austin,* —— U.S. at ——, 113 S.Ct. at 2812.

■ In this case we are asked to consider whether the degree of disproportionality be-

---

1. VanMeekeren challenges the forfeiture statutes under both the Minnesota and U.S. Constitutions. The relevant texts are virtually identical, and no Minnesota case law distinguishes between the protections afforded under each. References herein to the "Eighth Amendment" of the U.S. Constitution imply a corresponding reference to article 1, section 3 of the Minnesota Constitution.

tween the amount of a forfeiture and the underlying offense is a relevant consideration under the excessive fines clause. We note at the outset that "the forfeiture of property ... [is] a penalty that ha[s] absolutely no correlation to any damages sustained by society or to the cost of enforcing the law." *Id.* (citing *United States v. Ward,* 448 U.S. 242, 254, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980)). Many courts adhere to the corollary that the key consideration "is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense." *Id.,* —— U.S. at ——, 113 S.Ct. at 2815 (Scalia, J., concurring) (emphasis in original); *see also United States v. Premises Known as 3639–2nd St., NE, Minneapolis, Minnesota,* 869 F.2d 1093, 1096 (8th Cir.1989) (proportionality between value of forfeitable property and severity. of injury inflicted by its use irrelevant) (citing *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 682–87, 94 S.Ct. 2080, 2091–94, 40 L.Ed.2d 452 (1974) (upholding forfeiture of $20,000 yacht based on discovery of a single marijuana cigarette on board)).

We conclude that if the. use of property plays a significant part in committing an offense, then the property may be forfeited, no matter what its value. This holding is consistent with that of courts in other states that have addressed this same issue. *State v. Meister,* 866 S.W.2d 485, 489–90 (Mo.App. 1993); *In re King Properties,* 635 A.2d 128, 133 (Pa.1993).

 We recognize that other courts have suggested that a forfeiture may be excessive if it is grossly disproportionate to the offense. *See McNabb v. State,* 860 P.2d 1294, 1298 (Alaska App.1993); *Property Clerk, New York City Police Dept. v. Small,* 582 N.Y.S.2d 932, 936 (Sup.Ct.1992) (citing *Solem v. Helm,* 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3009–11, 77 L.Ed.2d 637 (1983)). But in Minnesota the constitutional validity of a forfeiture has not been evaluated through a proportionality analysis. The supreme court has upheld the forfeiture of an automobile where the owner was discovered illegally transporting a single pint of intoxicating liquor for his personal use. *State v. Thornson,* 170 Minn. 349, 212 N.W. 591 (1927). Whether the government may impose large forfeitures relative to the severity of an offense generally is not a constitutional question, but a matter of public policy. "The suggestion that the [forfeiture] remedy is too severe should be addressed to the Legislature." *Id.,* 170 Minn. at 352, 212 N.W. at 593. Moreover, even if the Eighth Amendment were construed as a prohibition against disproportionate fines, in practice the law prohibits only gross disproportionality, and does not mandate strict proportionality. *Harmelin v. Michigan,* 501 U.S. 957, ——, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991), (Kennedy, J., concurring) (citing *Solem v. Helm,* 463 U.S. 277, 288, 303, 103 S.Ct. 3001, 3008, 3016, 77 L.Ed.2d 637 (1983) and *Weems v. United States,* 217 U.S. 349, 371, 30 S.Ct. 544, 550, 54 L.Ed. 793 (1910)). We find no gross disproportionality in the circumstances of this case, especially because the forfeiture was of a vehicle used to commit a felony burglary.

### 2. Application of the Forfeiture Statute

VanMeekeren argues that his vehicle was not subject to forfeiture because his use of it was not an element of the crime that he committed.

 The undisputed facts show that VanMeekeren drove his Berreta to and from the place of the burglary. Third degree felony burglary is a "designated offense" under the Minnesota forfeiture statute. Minn.Stat. §§ 609.531, subd. 1(f)(2), 609.582, subd. 3 (1992) (felony third degree burglary). Property used to commit or facilitate a crime is subject to forfeiture. Minn.Stat. § 609.5312, subd. 1 (1992). A vehicle used to provide transportation to or from the crime scene has been used to commit or facilitate the crime. *Langfield v. Department of Pub. Safety,* 449 N.W.2d 738, 741 (Minn.App.1990). The trial court properly determined that the Beretta was subject to forfeiture.

## DECISION

The trial court did not err in determining that the 1988 Berreta was used to facilitate Van Meekeren's burglary offense, and the trial court's application of the forfeiture statute in this case does not violate the constitutional prohibition against excessive fines.

**Affirmed.**