**CITY OF NEW HOPE, Appellant,**

v.

**1986 MAZDA 626, LICENSE NO. POC147, Respondent.**

**No. C6–95–1688.**

Court of Appeals of Minnesota.

April 16, 1996.

Martin P. Malecha, Corrick & Sondrall, P.A., Assistant New Hope City Attorney, Brooklyn Park, for appellant.

Richard J. Haefele, Chaska, Heidi M. Schmid, Shorewood, for respondent.

Considered and decided by RANDALL, P.J., and LANSING and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

The City of New Hope (city) appeals the trial court's dismissal of its motor vehicle forfeiture action brought under Minn.Stat. § 169.1217 (1994). The trial court concluded that forfeiture of the vehicle used by Lisa Ann Pishney while committing an aggravated DWI constituted a second punishment under the Minnesota and Federal Double Jeopardy Clauses because she had previously been convicted and sentenced for that aggravated DWI. We conclude that the motor vehicle forfeiture statute is rationally related to remedial purpose, does not constitute a second punishment for the same offense, and therefore does not violate the Double Jeopardy Clauses of the Minnesota and Federal Constitutions. Consequently, we reverse and order summary judgment for the city on its forfeiture action against the 1986 Mazda.

## FACTS

This appeal concerns a forfeiture action involving a 1986 Mazda automobile owned by Lisa Ann Pishney. The city filed a complaint setting out various impaired driving statutes violated when Pishney drove the Mazda at 2:03 a.m. on October 23, 1993.[1] The complaint alleged she drove the Mazda while under the influence of alcohol and before her license had been reinstated after cancellation for previous alcohol-related driving violations under Minn.Stat. § 171.04, subd. 1(8) (1994).[2] The record also reflects that Pishney had prior DWIs and license revocations for impaired driving in 1984, 1985, and 1992.

While this forfeiture action was pending, Pishney pleaded guilty and was convicted of aggravated DWI under Minn.Stat. § 169.129

---

1. The forfeiture complaint alleged violation of Minn.Stat. §§ 169.129 (aggravated driving while under the influence); 169.121, subds. 1(a), 3(c)(1) (driving while under the influence of alcohol within 5–10 years of prior impaired driving convictions); 169.121, subds. 1a, 3(c)(2) (refusal to submit to test within 5–10 years of prior license revocation); 169.121, subds. 1(d), 3(c)(1) (driving with alcohol concentration of .10 or more within 5–10 years of prior impaired driving convictions); and 169.121, subds. 1(e), 3(c)(1) (driving with alcohol concentration of .10 or more within two hours of driving and within 5–10 years of prior impaired driving convictions).

2. Pishney was not eligible for a driver's license because, based on her record, the commissioner had good cause to believe her operation of a vehicle would be "inimical to public safety or welfare." Minn.Stat. § 171.04, subd. 1(8) (1994).

(1994), for the October 23, 1993 incident.[3] Based on that criminal conviction, Pishney moved to dismiss this separate civil forfeiture action, contending that she had already been punished by the sentence she received for the aggravated DWI, and that forfeiture of her car would be a second punishment for the same offense.

The trial court granted Pishney's motion to dismiss, denied the city's request for summary judgment, and entered judgment for Pishney, concluding that the motor vehicle forfeiture constituted a second punishment and violated the Minnesota and Federal Double Jeopardy Clauses.

## ISSUE

Does civil forfeiture of a motor vehicle used in the commission of a designated offense constitute a second punishment when the driver has already been subject to criminal penalties for the designated offense?

## ANALYSIS

■ Interpretation of a statute is a question of law. *In re Blilie*, 494 N.W.2d 877, 881 (Minn.1993). That interpretation begins with a presumption of constitutionality that can be rebutted only by establishing a constitutional violation beyond a reasonable doubt. *Id.* cited in *City of Worthington Police Dep't v. One 1988 Chevrolet Berreta*, 516 N.W.2d 581, 583 (Minn.App.1994).

■ The elements of a constitutional violation under the Minnesota or Federal Double Jeopardy Clauses are: two separate actions, arising out of the same offense, and resulting in multiple punishment. *United States v. Halper*, 490 U.S. 435, 441, 109 S.Ct. 1892, 1898, 104 L.Ed.2d 487 (1989); *State v. Fuller*, 374 N.W.2d 722, 726–27 (Minn.1985) (Minnesota's double jeopardy clause interpreted consistently with federal constitution). Because the first two elements are undisputed, the sole issue before us is whether civil forfeiture of the motor vehicle was a second punishment for the aggravated DWI offense.

## I. Minn.Stat. § 169.1217

The motor vehicle forfeiture statute subjects a vehicle to forfeiture only if the vehicle is "used in the commission of a designated offense." Minn.Stat. § 169.1217, subd. 6 (1994). The "designated offenses" include only violations of state statutes or city ordinances prohibiting driving while under the influence, committed by offenders with certain prior convictions for driving under the influence. *Id.*, subd. 1(b).[4] It is undisputed that Pishney's "designated offense" was her conviction for aggravated DWI under Minn. Stat. § 169.129 before reinstatement of her license after cancellation for previous alcohol-related driving violations under Minn.Stat. § 171.04, subd. 1(8).

## II. Recent Precedent

Several recent statutory challenges under the Double Jeopardy Clause have produced significant precedent to guide our determination of the constitutionality of Minn.Stat. § 169.1217. From the United States Supreme Court, we rely on *Halper*, 490 U.S. at 448–49, 109 S.Ct. at 1902, which supplies the

---

3. Pishney's "aggravated DWI" was for driving under the influence before her revoked license had been reinstated.

4. The text of Minn.Stat. § 169.1217, subd. 1(b) (1994) states:

(b) "Designated offense" includes a violation of section 169.121, an ordinance in conformity with it, or 169.129:

(1) within five years of three prior driving under the influence convictions or three prior license revocations based on separate incidents;

(2) within 15 years of the first of four or more prior driving under the influence convictions or the first of four or more prior license revocations based on separate incidents;

(3) by a person whose driver's license or driving privileges have been canceled under section 171.04, subdivision 1, clause (8); or

(4) by a person who is subject to a restriction on the person's driver's license under section 171.09 which provides that the person may not use or consume any amount of alcohol or a controlled substance.

"Designated offense" also includes a violation of section 169.121, subdivision 3, paragraph (c), clause (4):

(1) within five years of two prior driving under the influence convictions or two prior license revocations based on separate incidents; or

(2) within 15 years of the first of three or more prior driving under the influence convictions or the first of three or more prior license revocations based on separate incidents.

test for assessing whether the sanction constitutes prohibited multiple punishment, and the recent *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, ——, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767 (1994), which applied the test. From the Minnesota Supreme Court, we are instructed by *State v. Hanson,* 543 N.W.2d 84 (Minn.1996), which applied *Halper* in upholding a state civil statute allowing revocation of a driver's license after conviction for DUI. We are also guided by *State v. Rosenfeld,* 540 N.W.2d 915, 923 (Minn.App.1995), in which this court applied the double jeopardy analysis to conclude that the forfeitures of instrumentalities of drug crimes do not constitute punishment under the state civil drug forfeiture statute.

### III. The Test of Constitutionality under the Double Jeopardy Clauses

■ Under the Double Jeopardy Clauses of the Minnesota and United States Constitutions,

> a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

*Halper,* 490 U.S. at 448–49, 109 S.Ct. at 1902. This holding by the *Halper* court has been variously called the "solely deterrent/retributive" test, *Hanson,* 543 N.W.2d at 87, and the "fairly characterized as remedial" test, *Rosenfeld,* 540 N.W.2d at 920. The double jeopardy analysis in either case is the same: the court must determine whether this sanction serves a remedial purpose and is rationally related to that purpose. *Halper,* 490 U.S. at 447, 109 S.Ct. at 1901. The test

> permits the imposition of a civil sanction that can "fairly be characterized as remedial," but also may deter or punish the offender.

*Hanson,* 543 N.W.2d at 87–88. The *Halper* court cautions that this determination should not be "from the defendant's perspective because even remedial sanctions carry the sting of punishment." 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7.

### A. Remedial Purpose: Protecting the Public

■ The statute does not expressly state its purpose. Because the statute is implicated only by a repeat driving under the influence offense committed by a repeat offender, however, the purpose of the forfeiture statute is the same as the purpose of the other driving under the influence statutes.[5] *Hanson* explicitly outlines Minnesota's extensive legislative efforts to protect the public from the known danger of intoxicated drivers. 543 N.W.2d at 89. The *Hanson* court concluded that the license revocation statute had an "overriding" and "primary" remedial purpose of

> protecting the public from those who choose to endanger others by driving in an intoxicated state on our streets and highways.

*Id.* at 89.

Pishney argues that the remedial purpose of protecting public safety has already been met by the revocation of her driver's license and that forfeiture of her vehicle, therefore, is solely punishment. She also contends that forfeiture does not protect public safety because she may borrow or rent another car. We decline to view the forfeiture from this perspective. *See Halper,* 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7 (Court rejects invitation to view statutory purpose from defendant's perspective). We conclude that the primary purpose of this forfeiture statute, like the implied consent statute in *Hanson,* is to protect public safety.

We are mindful that forfeitures have historically been disfavored, considered punitive in effect, and subjected to careful scrutiny by courts. *See, e.g., Jandric v. Skahen,* 235 Minn. 256, 260, 50 N.W.2d 625, 628 (1951); *St. Louis Co. Atty's Office v. $24,643.01,* 524 N.W.2d 542 (Minn.App.1994), *review denied* (Minn. Feb. 14, 1995). Removal of the "instrumentality" of crimes, however, has repeatedly been upheld as serving a remedial purpose. *See United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 364, 104 S.Ct. 1099, 1106, 79 L.Ed.2d 361 (1984) ("Keeping potentially dangerous weapons out

---

5. For a list of the "designated offenses," *see*     Minn.Stat. § 169.1217, subd. 1(b).

of the hands of unlicensed dealers is a goal plainly more remedial than punitive."); *Rosenfeld,* 540 N.W.2d at 921–22; *cf. City of Worthington Police Dep't v. One 1988 Chevrolet Berreta,* 516 N.W.2d 581, 583 (Minn. App.1994) (under excessive fines clause, property may be forfeited if it played a significant part in committing offense). Here, the vehicle was essential to the underlying criminal offense of driving while under the influence; it was an instrumentality of the crime.

### B. *Rational Relation Between Forfeiture and Remedial Purpose*

■ There is a clear rational relation between vehicle forfeiture under Minn.Stat. § 169.1217 and its remedial purpose. The vehicle forfeiture gives the remedial purpose of the statute its "teeth." *See Hanson,* 543 N.W.2d at 89. The primary remedial purpose of protecting public safety is effectuated by vehicle forfeiture. The statute applies only where the driver of the vehicle has not heeded the warnings of previous sentences and license revocations. Only where those sanctions have failed is the instrumentality forfeited as another means toward the desired end of removing intoxicated drivers from the public streets and highways.

### DECISION

Serving the remedial purpose of protecting the public from intoxicated drivers through forfeiture of the instrumentality of the crime, Minnesota's motor vehicle forfeiture statute, Minn.Stat. § 169.1217, does not violate the Minnesota and United States Double Jeopardy Clauses. Accordingly, we reverse the dismissal of the forfeiture action and order summary judgment in favor of the city.

**Reversed and remanded.**

RANDALL, Judge, dissenting.

I respectfully dissent.

The facts are not in dispute and the majority correctly sets them out. Attorneys for appellant and for respondent submitted an Agreed Statement of Record stating simply that respondent was the sole owner of the car in question, had committed a driving offense, and had the requisite driving record, so that appellant could properly invoke the motor vehicle forfeiture statute.

The sole issue on appeal is whether the civil forfeiture of respondent's car, on these facts, constituted an unconstitutional, and therefore illegal, second punishment. Respondent, the driver, had already been subjected to criminal penalties for the aggravated DUI offense arising out of the same incident which led to appellant's attempt to forfeit her 1986 Mazda.

The trial court considered respondent's motion to dismiss and appellant's countermotion for summary judgment. The court granted respondent's motion to dismiss and returned her car to her. I agree with the trial court.

The trial court and the majority, with no disagreement, both cited to the same series of federal cases and its progeny. See *United States v. Halper,* 490 U.S. 435, 441, 109 S.Ct. 1892, 1898, 104 L.Ed.2d 487 (1989); *Austin v. U.S.,* 509 U.S. 602, 617, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488 (1993); and *Department of Revenue of Montana v. Kurth Ranch,* ——— U.S. ———, ———, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767 (1994).

I agree with the trial court that the automobile civil forfeiture statute in question, Minn.Stat. § 169.1217 is, when stripped of all smoke and mirrors, a deterrent to future illegal driving conduct and punishment/retribution by the state for past driving conduct. Deterrence and punishment/retribution are two legitimate, wonderful, holy, and constitutionally proper aims of punishment upon conviction of a crime. The only drawback is both the U.S. Constitution and the Minnesota Constitution limit the state to imposing punishment but once for the same criminal act.

The majority and I agree that under the Double Jeopardy Clauses of the Minnesota and United States Constitutions,

a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

*Halper,* 490 U.S. at 448–49, 109 S.Ct. at 1902. This holding by the *Halper* court has been variously called the "solely deterrent/retributive" test, *State v. Hanson,* 543 N.W.2d 84, 87 and the "fairly characterized as remedial" test, *State v. Rosenfeld,* 540 N.W.2d 915, 920 (Minn.App.1995).

But I simply cannot accept any explanation for appellant's wanting to seize respondent's car other than that they want to punish her further for being a drunk driver and to deter her, and others like her, in the future. I emphatically state that they only call it "remedial" because they know they have to call it "remedial" to avoid the above-cited double jeopardy clauses of both the federal and state constitution.

As one commentator has noted, the purpose of civil forfeiture statutes has been so expanded by the courts that their original purposes have been corrupted. Leiske, *Civil Forfeiture Law: Replacing the Common Law with a Common Sense Application of the Excessive Fines Clause of the Eighth Amendment* 21 Wm. Mitchell L.Rev. 265, 271 (1995). As the author candidly observes,

> It is clear that civil forfeiture laws are used to circumvent the constitutional rights of property owners. Simply stated, civil forfeiture statutes are designed to punish the individual property owner without resort to cumbersome criminal procedures mandated by the Constitution. Under the guise of the in rem legal fiction that inanimate property is capable of committing a crime, civil forfeiture statutes allow prosecutors to circumvent the constitutional rights ordinarily due the individual by proceeding directly against the property.

*Id.* at 298.

The trial court wisely, and with candor, pointed out:

> In addition, if the remedy sought is preventing particularly dangerous drunken drivers from driving again, it is difficult to imagine a statute more poorly calculated to effectuate that purpose than Section 169.1217. One may easily drive another vehicle even if his automobile is taken, particularly if he already owns another vehicle. The forfeiture statute itself rec-

ognizes the empirical fact that people often drive vehicles which do not belong to them. Minn.Stat. § 169.1217, Subd. 7(d) (allowing forfeitures of automobiles not owned by the driver). An implied consent proceeding is at least related to the remedial goal of preventing further drunk driving; notwithstanding their effectiveness, implied consent proceedings result in the direct suspension of driving privileges. A forfeiture of one automobile, on the other hand, does not even deliver the admonition that the defendant should not drink and drive again.

Trial Court Memorandum at 6.

It is common place that an individual has easy access to more than one vehicle during his or her day, or during an average week. Vehicles belonging to spouses, companions, children of teenage years or older, friends, relatives, business acquaintances, etc. are plentiful, and can be obtained with little or no effort.

Respondent's Mazda is a used car and from the record appears to be worth just several hundred dollars. But if respondent's car were a 1996 Mazda, or a 1996 Cadillac, or a 1996 Rolls–Royce, appellant's position would be the same. Appellant is not desirous at all of framing their argument in terms of some rough equivalency of value to the offense committed. Appellant argues for the pure right to forfeit the automobile under the statute if the requisite driving record has been reached. *This is exactly the same* as ratcheting up a criminal fine (pure punishment) for a criminal conviction from $500 to $5,000 to $50,000. Since we can legally attach fines as additional punishment upon a criminal conviction, if we want to attach the fine of losing a vehicle to other criminal penalties, then the state should petition the legislature to add automobile forfeiture to the present criminal penalties of imprisonment and/or fine.

Seizing one's automobile is not remedial. It is simply pure punishment. If the state were serious about "remediation" and thus want to have a right to impose a remedial penalty in a second hearing (and have it stand up constitutionally, in addition to the

**306**

imprisonment and/or fines previously imposed as punishment and deterrence), the state has a wide-ranging menu of options which truly have a remedial effect. These options would include, without limitation, such things as court-ordered attendance at alcoholics anonymous meetings, court-ordered restitution to victims and their families, the court requiring as part of a "Sentencing to Serve" program, a requirement that the convicted driver spend so many hours helping in the emergency room of a general hospital or so many hours visiting victims of crimes or so many hours helping the groundskeeper at cemeteries tend to grave sites.

These court-imposed remedial duties would have a true remedial effect, as opposed to simply ratcheting up jail time or ratcheting up the amount of a monetary fine/forfeiture. Jail time, fines, and forfeitures are permissible, but being concededly punishment, are only permissible *once* for the same crime. If the state wants remediation in addition to punishment, they can have it as long as it is not a thinly disguised second punishment. The automobile forfeiture statute is a second punishment so thinly disguised, it is not even disguised at all.

The State of Minnesota and its subdivisions might as well be honest and state that they intend to seize the automobiles of repeat DUI offenders for more punishment, and then they can go on to state that they hope additional punishment has a deterrent effect on that individual, and other offenders in a like class. Seizing the automobile of a person, particularly with the high to extremely high cost of even a modest car today is swift and sure and harsh punishment. If our state is to be honest, they should go to the legislature and try to add automobile forfeiture to the already existing criminal penalties for DUI offenders. If the state thinks that seizing cars is the answer to our DUI problem (and I do not suggest by this opinion that it is), then with candor the state should go to the legislature and ask for it. Our present civil forfeiture laws are nothing but a transparent attempt to punish DUI offenders not once, but twice, and our forfeiture laws were accurately described by the Leiske article.

I dissent and would have affirmed the trial court.