### ARTHUR R. SWANSON AND ANOTHER v. GEORGE C. MILLER AND ANOTHER.[1]

May 26, 1933.

No. 29,168.

[1]Reported in 248 N. W. 727.

*A. E. Bryngelson*, for appellants.

*Stanley S. Gillam* and *Reed & Kjorlaug*, for respondents.

*DIBELL, Justice.*

The defendants entered into a contract to sell Minneapolis property to the plaintiffs. The plaintiffs did not pay a mortgage upon it which was part of the consideration. The defendants gave proper notice of the cancelation of the land contract under 2 Mason Minn. St. 1927, § 9576, basing it upon the nonpayment of the mortgage. The plaintiffs seek to vacate the cancelation, claiming that there was a waiver of the default in the payment of the mortgage and that the defendants agreed to extend the time. The court found in favor of the defendants. The plaintiffs appealed from the order denying their motion for a new trial.

On May 31, 1929, the defendants, husband and wife, entered into a contract to sell the plaintiffs, husband and wife, a lot in Minneapolis for $3,625. Of this sum $350 was to be paid in cash, and it was paid. There was a mortgage of $1,900 upon the property due April 10, 1930. After acknowledging receipt of the $350 cash payment, the contract referred to the payment of the balance as follows:

"Nineteen Hundred ($1,900) Dollars by assuming and agreeing to pay a first mortgage now on said property in said amount and interest thereon at the rate of six (6%) per cent per annum from June 1, 1929, and the balance of One Thousand Three Hundred Seventy Five ($1,375) Dollars with interest on deferred payments to be paid at the rate of Thirty-Five ($35) Dollars per month, commencing July 1, 1929 and payable on the first day of each and every month thereafter until the whole thereof has been paid—said payment of Thirty-Five ($35) Dollars to include interest, that is there shall first be deducted from said Thirty-Five ($35) Dollars payment of interest and the balance thereof to be applied on the principal.

160

Said parties of the second part do hereby agree to pay all expenses in connection with the renewal of said mortgage of Nineteen Hundred ($1,900) Dollars or in the execution of a new mortgage to replace the same, and the parties of the first part do hereby agree to join with said parties of the second part in the execution of said renewal or replacement mortgage."

It was agreed that if default should be made in the payment of either of the sums of money or if there should be any other default, the contract might be canceled and terminated in accordance with the statute. The reference is to 2 Mason Minn. St. 1927, § 9576, before cited. Notice was served commencing September 25, 1930. On October 26, 1930, all rights of the plaintiffs in the property apparently were gone. The plaintiffs seek to avoid this result because on October 7, 1930, they paid the defendants the instalment of $35 which became due on October 1 upon the $1,375. The payment was accepted. The plaintiffs claim that the acceptance of this payment constituted a waiver of all defaults and reinstated the contract.

The cancelation proceeding was then pending. It had been pending since September 25 prior. It was based on the default relative to the $1,900 mortgage. The payment was not upon the mortgage. It was upon the October 1 instalment of the $1,375, which was a few days overdue. The plaintiffs had a right to make it. Its acceptance did not waive the default in the $1,900 mortgage. The plaintiffs were still making efforts to refinance it. Their time had not expired. There was no waiver of the pending proceeding based on the default in the mortgage. The vendees' interest was terminated by failure to pay within 30 days after the service of the notice. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10091; 2 Mason Minn. St. 1927, § 9576, and notes.

The plaintiffs claim that by direct negotiations with defendants an agreement was made whereby all defaults were removed and that the plaintiffs were to be allowed to renew or replace the existing $1,900 mortgage. In the contract the defendants agreed to aid the plaintiffs in replacing the mortgage. It is clear that

they promised coöperation. There was trouble in getting the mortgage renewed. Thorpe Brothers, Inc., which had it in charge, insisted upon a reduction from $1,900 to $1,800. The plaintiffs were unable to make a reduction at that time. Thorpe Brothers wanted some improvements made upon the property if a new mortgage was to be made or a renewal had. The plaintiffs did make some improvements by way of repainting and reroofing the house. The court finds that there was not an agreement whereby the plaintiffs' right or duty to get a renewal or replacement of the $1,900 mortgage was waived or the time of performance extended. The fact simply is that the plaintiffs were unable to perform by refinancing, although they tried to do so, and under the contract a forfeiture resulted if the defendants chose to have it so. They adopted the statutory procedure and legally forfeited the plaintiffs' rights.

Order affirmed.

