## WILLIS E. HARRINGTON v. DAVE W. SMITH AND ANOTHER.

190 N. W. (2d) 490.

September 24, 1971—No. 42751.

*Harry N. Ray,* for appellant.

*Altman, Geraghty, Leonard & Mulally* and *Richard J. Leonard,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

KELLY, JUSTICE.

This is an appeal from a judgment. In this case a contract for deed was canceled under Minn. St. 559.21 for failure to make payments as specified in the notice of the cancellation. The sole question for review is whether the default was waived and the cancellation proceedings voided by the acceptance of cancellation costs by the vendors' attorney on the condition that vendee would pay the amount in default the next day and the amount in default was never actually tendered or paid.

We hold that there was no waiver of the default and thus affirm.

In 1955, defendants entered into a contract for deed to sell certain real estate to Donald Briese and Lois Briese. Subsequently, the Brieses by assignment transferred their interest in the contract for deed to plaintiff.

Certain defaults occurred consisting of the failure to make payments on the contract for deed and mortgage payments, and to pay taxes. On November 29, 1966, defendants served a notice of cancellation of the contract for deed upon plaintiff.[1] The 30-day statutory period during which plaintiff could have paid the amount of money to cure the default expired on December 29, 1966. On the next day, December 30, 1966, plaintiff went to the home of defendants' attorney and tendered to him $127.50 for attorney's fees and other related costs of the cancellation. No amount was paid on the balance due and in default, and the $127.50 was accepted on the condition that plaintiff would return the next day and pay the amount in default at the time.

Plaintiff attempted to contact the defendants' attorney on December 31, 1966 and on January 1, 1967, but never did actually

---

[1] Minn. St. 559.21 provides in part: "When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser * * * a notice specifying the conditions in which default has been made, and stating that such contract will terminate 30 days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service, together with an amount to apply on attorneys' fees actually expended or incurred, of $50 when the amount in default is less than $500, and of $100 when the amount in default is $500 or more; * * *

\* \* \* \* \*

"If, within the time mentioned, the person served *complies with such conditions and pays* the costs of service and attorneys' fees as provided herein, the contract shall be thereby reinstated; but otherwise shall terminate." (Italics supplied.)

contact the attorney nor has he ever paid or tendered the amount of the default.

On the next working day, January 3, 1967, defendants' attorney sent a check for $127.50 by registered mail with a return receipt requested to plaintiff who refused to accept the letter.

Defendants next commenced an unlawful detainer action against plaintiff for the possession of the premises and a writ of restitution was issued and plaintiff was evicted therefrom.

The issue before this court is whether the actions of vendors' attorney constituted a waiver of the default and thereby voided the cancellation proceedings. The trial court in essence held there was no waiver as the defendants' attorney accepted the $127.50 on condition that plaintiff would pay the amount of the default on the next day and the condition was never complied with.

A vendor may waive his right to insist upon a forfeiture even though a contract for deed has been canceled. Jandric v. Skahen, 235 Minn. 256, 50 N. W. (2d) 625. However, in order to determine if there has been such a waiver, it must be determined from the conduct of the vendor or his authorized agent that there was an intention to waive the default and thereby void the cancellation proceedings. The conduct of defendants' attorney in the instant case did not give rise to an inference that a waiver was intended. In fact, there is evidence of a contrary intent—the $127.50 was accepted conditionally, the conditions were not performed, and the money was mailed to plaintiff in a relatively short period of time. See, Odegaard v. Moe, 264 Minn. 324, 119 N. W. (2d) 281; Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336.

Affirmed.