RICHARD G. FREITAG v. ROSE HELEN WOLF.

226 N. W. 2d 868.

February 21, 1975—No. 44786.

*Neumeier, Kimmel & Holsten* and *Roy W. Holsten,* for appellant.

*Sandeen & Walsh* and *John E. Walsh,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Defendant appeals from a judgment reinstating plaintiff-vendee's interest under a contract for deed canceled by defendant. The lower court determined that defendant had accepted a payment deposited by plaintiff to defendant's bank account without her knowledge and the acceptance and retention of the payment constituted a waiver of the cancellation proceedings and required the reinstatement of the contract for deed. We reverse.

On July 16, 1970, plaintiff purchased from defendant under a contract for deed certain real estate located in Washington County, Minnesota. The contract provided for monthly payments of $150 to be made on the 15th day of each month. Prior to January 15, 1973, plaintiff had been in arrears in his monthly payments on several occasions. Defendant served the statutory notice of cancellation on these occasions, but plaintiff always tendered the amount in default and reinstated the contract within the statutory time period. On January 16, 1973, plaintiff

was again in arrears and a notice of cancellation was served upon plaintiff on March 6, 1973.

At trial, plaintiff disputed the date of service, contending that the notice was actually served on March 8. However, the trial court found service to have been made on March 6 and no notice of review of this finding has been filed.

On April 6, more than 30 days after the service of the notice of cancellation,[1] plaintiff tendered the delinquent payments and accrued attorneys fees to defendant's lawyer. He immediately returned the enclosed checks to plaintiff, advising him that his interest had been terminated under the contract for deed. Moreover, plaintiff was informed that any questions regarding the matter should henceforth be directed to defendant's attorney.

From the inception of the contract, plaintiff had been authorized to make his monthly payments to the Cosmopolitan State Bank of Stillwater, which deposited them to the account of defendant and recorded the payments in a record book. The bank was not advised that plaintiff's contract for deed had been terminated.

On September 11, 1973, after commencement of this action, plaintiff caused a check in the amount of $1,350 to be delivered to the bank. The check was made payable to "Cosmopolitan State Bank, Rose Wolf account" and was accepted by the bank and deposited to defendant's account. However, it was not entered on the bank's contract for deed records and defendant had no knowledge of this payment. The day before trial was to commence, plaintiff's attorney became aware of this payment and contacted defendant's attorney, advising him that the contract for deed was current and that the suit for reinstatement was moot since there had been a waiver of any alleged cancellation. Defendant's attorney immediately verified the payment with the bank and

---

[1] Minn. St. 559.21 provides that a contract for deed will terminate 30 days after personal service of notice of cancellation unless the vendee complies with the conditions in default specified in the notice within that period of time.

prepared a letter to plaintiff, declining to accept the payment and returning the $1,350. This letter was delivered to plaintiff the next morning, along with a cashier's check for $1,350.

The trial court, after determining that the cancellation notice had been effectively served and that the period within which plaintiff could tender the amount in default had expired prior to plaintiff's April 6, 1973, payment, found that defendant had accepted plaintiff's contract payment of September 11, 1973, reinstating the contract. In its findings of fact, the trial court found that defendant had accepted plaintiff's contract payment after the expiration of the statutory period. In its conclusions of law, the trial court held that defendant's acceptance and retention of plaintiff's contract payment waived all rights acquired under the cancellation proceedings as a matter of law under Minn. St. 559.21 and that defendant was required to reinstate in all respects the contract for deed of July 16, 1971.

■ The evidence in this case is not sufficient to justify the conclusion of law that there had been a waiver. To establish a waiver, it must be shown that the waiving party had full knowledge of the facts, had full knowledge of his legal rights, and intended to relinquish these rights. Marso v. Mankato Clinic, Ltd. 278 Minn. 104, 153 N. W. 2d 281 (1967) ; Cohler v. Smith, 280 Minn. 181, 158 N. W. 2d 574 (1968).

The evidence discloses that defendant properly returned the payment made in April following the effective termination of the contract. Further, the evidence clearly shows that defendant did not know that plaintiff had deposited money to her account on September 11, 1973. Moreover, upon being advised that such a deposit had been made, defendant promptly returned said funds to plaintiff. Plaintiff claims that the testimony of defendant, a 76-year-old woman, clearly establishes that she intended to accept payment. However, a review of her entire testimony discloses many discrepancies, conflicting statements, and inconsistent positions. We conclude that a fair evaluation of her entire testimony leads to the single conclusion that she intended to can-

cel and terminate the contract for deed and that she did not intend to accept payment from plaintiff. All of her actions indicated clearly that she would refuse any attempt to reinstate the contract following its successful termination.

■ Further, we will not imply acceptance of the amounts in default under the circumstances of this case where a deposit was made to the account of the vendor without notice to her of said deposit. Nor can waiver be implied where she did not retain the deposit after learning of it. We hold that under the facts and circumstances of this case there was no waiver by defendant of the rights she acquired by the termination of the contract for deed, and that the lower court erred in finding such waiver and ordering reinstatment of the original contract.

The decision of the lower court is reversed and the matter remanded to the lower court with instructions to enter judgment for defendant.

Reversed and remanded.