Terry Lee THOMEY, et al.,
Respondents,

v.

Wayne P. STEWART, Appellant.

No. C2–85–2027.

Court of Appeals of Minnesota.

Aug. 5, 1986.

William G. Swanson, Brooklyn Park, for respondents.

Mark R. Anfinson, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Wayne P. Stewart appeals from an October 21, 1985 unlawful detainer judgment ordering a writ of restitution in favor of Terry and Judith Thomey. The matter had originated as a cancellation of a contract for deed in which the Thomeys were the contract vendors and Stewart was the purchaser. When Stewart refused to vacate the premises after the reinstatement period specified in the contract had expired, the Thomeys commenced an unlawful detainer action, moving alternately for judgment on the pleadings or for summary judgment.

In his amended answer and at the summary trial, Stewart claimed that the Thomeys had waived their right to cancel the contract by acquiescing in payments he made to their mortgage company after the cancellation period began. We affirm.

## FACTS

Appellant Wayne Stewart and respondents Terry and Judith Thomey entered into a contract for deed for homestead property in Anoka County on March 27, 1981. Stewart is deaf and at times has difficulty communicating. There was no evidence that his reading ability or comprehension level was affected in any way. The Thomeys were aware of Stewart's disability from the outset and did not have problems communicating with him. The contract provided for the following payment terms:

1. $18,500.00 cash downpayment, provided at the closing;
2. $22,109.32, by promissory note from Stewart to the Thomeys;
3. $14,390.68, by Stewart assuming and agreeing to pay the first mortgage against the property; and
4. $10,000, with interest thereon at 12%, payable in monthly installments of $126.87 due on the first day of each month commencing May 1, 1981, with the entire balance on this portion due and payable May 1, 1985.

The mortgage Stewart assumed under the contract was serviced by North Central Financial Corporation.

From May 1, 1981 through April 1, 1985, Stewart continued to make required payments in a timely manner. On May 1, 1985, however, Stewart failed to make the balloon payment of $8,354.95 on the original principal balance of $10,000 due under the contract. As a result, the Thomeys commenced a cancellation action on June 21, 1985 by serving Stewart a notice of cancellation. The notice cited Stewart's failure to make the balloon payment as the sole basis for cancellation; no other provisions of the contract were alleged to be in default. Pursuant to Minn.Stat. § 559.21 (1984), the notice specified that the contract would terminate 90 days (on September 20, 1985) after service of notice of cancellation. It is undisputed that Stewart made no payments on the balloon payments during the redemption period.

After the cancellation proceeding was commenced, Stewart attempted to refinance the property. In July, August and September 1985, he continued to make payments on the assumed mortgage to North Central Financial Corporation (see payment term 3 above). The Thomeys were aware of this practice and approved of it.

Although a closing on the refinancing was set for September 9, 1985, Stewart failed to appear. Apparently, he was having domestic difficulties and was unable to obtain his wife's co-signature on the necessary documents. Two days before the cancellation became final, Stewart's realtor contacted Judith Thomey and requested an extension of time to reinstate the contract. This request and all other proposals were rejected. Notice of cancellation was subsequently filed on September 24, 1985.

At the unlawful detainer hearing, Stewart acknowledged receiving $7,800 in April 1985 from the sale of farm property he owned. He admitted that he utilized these funds to pay off various bills unrelated to the contract for deed. The court found the premises unlawfully detained by Stewart and entered judgment in favor of the Thomeys, staying the writ of restitution for 10 days. This appeal followed.

## ISSUES

1. Is appellant foreclosed from arguing waiver of respondents' right to cancel the contract for deed when this defense was not raised until after the cancellation became effective?

2. Is a cancellation of a contract for deed valid when the purchaser continues to make payments on an assumed mortgage to the vendors' mortgage company with the approval of the vendors, but fails to make any payments to cure the default specified in the notice of cancellation?

## ANALYSIS

1. Respondents initiated cancellation proceedings under Minn.Stat. § 559.21, subd. 2 (1984), which provides in relevant part:

> When default is made in the conditions of any contract for the conveyance of real estate or any interest therein executed on or after May 1, 1980, whereby the vendor has the right to terminate the same, he may do so by serving upon the purchaser, * * * a notice specifying the conditions in which default has been made, and stating that the contract will terminate * * * (3) *90 days after service of the notice if the purchaser has paid 25 percent, or more, of the purchase price,* exclusive of interest thereon, * *. (Emphasis supplied.)

■ The purpose of the statute is to provide vendees with notice of impending cancellation and allow them a reasonable period of time to redeem their interest in the property. *Conley v. Downing,* 321 N.W.2d 36, 39 (Minn.1982). The statute expressly limits the time within which a purchaser may remedy a default. It states:

> If, *within the time mentioned,* the person served complies with the conditions and, if required pursuant to subdivision 2, makes all payments due and owing to the vendor under the contract through the date payment is made and pays the costs of service, the mortgage registration tax, if actually paid by the vendor, and attorney's fees as provided herein, the contract shall be thereby *reinstated: but otherwise shall terminate.*

Minn.Stat. § 559.21, subd. 4 (emphasis supplied).

Appellant argues that reversal of the judgment of unlawful detainer and reinstatement of the contract for deed is compelled by respondents' acquiescence in payments made on the assumed mortgage to their mortgagee, since such action constitutes a waiver of their right to cancel the contract and foreclose on the property. It is undisputed, however, that during the 90-day redemption period, appellant made no attempt to enjoin the cancellation action as provided under Minn.Stat. § 559.211, subd. 1 (1984):

> RESTRAINING OR ENJOINING FURTHER PROCEEDINGS PURSUANT TO NOTICE OF TERMINATION OF CONTRACT OF SALE
>
> In an action arising under or in relation to a contract for the conveyance of real estate or any interest herein, the county or district court, * * * has the authority *at any time prior to the effective date of termination of the contract* and subject to the requirements of Rule 65 of the Rules of Civil Procedure for the District Courts or comparable county court rule to enter an order temporarily restraining or enjoining further proceedings to effectuate the termination of the contract, * * *. (Emphasis supplied.)

■ While maintaining an action for injunctive relief is not mandatory, *see* Minn. Stat. § 559.211, subd. 2, the failure to pursue any action on the contract within the statutory period forecloses appellant's defense of waiver.

In *D.J. Enterprises of Garrison, Inc. v. Blue Viking, Inc.,* 352 N.W.2d 120 (Minn. Ct.App.1984), in response to Blue Viking's cancellation notice, D.J. Enterprises petitioned for injunctive relief and filed a complaint alleging misrepresentation *within the applicable redemption period.* The district court heard the motion within the redemption period and took the matter under advisement. In the meantime, Blue Viking initiated an unlawful detainer action in county court. The county court determined that Blue Viking was entitled to repossession of the property. D.J. Enterprises immediately appealed the county court decision to the supreme court. During pendency of this appeal, but *after* the redemption period had expired, the district court granted the injunction.

Subsequently, the county court's decision was affirmed by the supreme court. Blue Viking appealed the district court decision,

arguing that Minn.Stat. § 559.211 should be strictly construed as prohibiting injunctive relief after the applicable redemption period. This court disagreed, affirming the district court and distinguishing the case from *Olson v. Northern Pacific Railroad Co.,* 126 Minn. 229, 148 N.W. 67 (1914), which indicated that relief may not be sought once the cancellation period expires: "This case is different. D.J. Enterprises petitioned for injunctive relief and filed its complaint for fraud *well within the 90–day period.*" *Id.,* 352 N.W.2d at 121 (emphasis supplied). The court also rejected Blue Viking's argument that equity was powerless to interfere with vested cancellation rights under the circumstances. "We perceive in the narrow circumstances presented here the need to exercise our equity jurisdiction so as not to give the cancellation statute unwarranted effect." *Id.* at 122.

In *Hommerding v. Peterson,* 376 N.W.2d 456 (Minn.Ct.App.1985), the court held that the vendee could not bring an action for fraudulent misrepresentation on a contract for deed against the vendor *after the contract had terminated.* An opposite result was warranted against the realtor and the agency listing the home, who were not parties to the contract.

Taken together, *D.J. Enterprises* and *Hommerding* establish that a claim against contract vendors in a cancellation action must be initiated *within* the applicable statutory redemption period. In the present case, appellant did not assert his defense of waiver until the day of the October 21, 1985 summary hearing, almost a full month after the redemption period had expired. In short, he asserted a defense based on the contract when he no longer had rights or standing to contest the cancellation. His interest under the contract terminated as of September 20, 1985.

■ It is firmly established that an unlawful detainer action merely determines the right to present possession and does not adjudicate the legal or equitable ownership rights of the parties. *See Dahlberg v. Young,* 231 Minn. 60, 42 N.W.2d 570 (1950). "Unlawful detainer is a civil proceeding,

and the only issue for determination is whether the facts alleged in the complaint are true." *Minneapolis Community Development Agency v. Smallwood,* 379 N.W.2d 554, 555 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Feb. 19, 1986). Since appellant raised no defense to the contract during the redemption period and since it is undisputed that he made no payments on the principal due, the court properly determined that respondents were entitled to a writ of restitution.

■ 2. Generally, on appeal from a judgment of restitution in an unlawful detainer action, the findings of the trial court must be upheld unless clearly erroneous. Minn.R.Civ.P. 52.01. *See Smallwood,* 379 N.W.2d at 555. Moreover, there can be no waiver of a valid contract for deed cancellation, absent a showing that the waiving party had full knowledge of the facts and his legal rights and intended to relinquish these rights. *Freitag v. Wolf,* 303 Minn. 139, 226 N.W.2d 868 (1975). Appellant relies primarily on *Odegaard v. Moe,* 264 Minn. 324, 119 N.W.2d 281 (1962), to support his claim that respondents waived their right to cancel the contract. This reliance is misplaced.

In *Odegaard,* the cancellation notice specified default on *both* the mortgage payments and the payments due under the contract. The vendor subsequently accepted a contract installment from the vendee that did not include the mortgage payments in default. The court held that the vendor had waived his right to insist upon forfeiture since the vendee complied with *one of the reasons for default in the notice* and the vendor accepted and retained this partial payment.

Similarly, in *Swanson v. Miller,* 189 Minn. 158, 248 N.W. 727 (1933), the notice of cancellation specified nonpayment on an assumed mortgage as the sole basis for cancellation on a contract for deed. The vendees argued that the vendor had waived his right to cancel the contract by accepting a monthly payment on the principal due under the contract. The supreme court rejected this argument. "[The cancellation

proceeding] was based on the default relative to the $1,900 mortgage. The payment was not upon the mortgage. It was upon the October 1 installment of the [balance due under the contract], which was a few days overdue." *Id.* at 160, 248 N.W.2d at 728.

In the instant case, the only reason specified for default in the notice of cancellation was appellant's failure to make the May 1985 balloon payment. He admits that no payments were applied to this amount. Appellant cites no cases to support the proposition that acceptance of payments unrelated to the reasons specified in the notice of cancellation constitute a waiver. Indeed, Minn.Stat. § 559.21, subd. 3(b), specifically recites that a cancellation action has been commenced "to terminate your contract for deed *for the reasons specified in this notice.*" Appellant's reasoning would render this language meaningless.

### DECISION

The trial court properly determined that the premises were unlawfully detained by appellant and, accordingly, judgment of restitution in favor of respondents was properly ordered.

Affirmed.