Alfred W. HOFFMAN, et al.,
Appellants,

v.

Ted HALTER, Respondent.

No. C6–87–1094.

Court of Appeals of Minnesota.

Jan. 19, 1988.
Review Denied March 18, 1988.

Steven R. Sunde, Sunde, Olson, Kircher and Zender, St. James, for appellants.

James J. Hulwi, Mankato, for respondent.

Heard, considered and decided by PARKER, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

WOZNIAK, Chief Judge.

This is an appeal from an action initiated for injunctive relief following the termination of a contract for deed. Appellants Alfred and Donna Hoffman claim the con-

tract could not be terminated following their failure to cure a default within the 60–day time limitation under Minn.Stat. § 559.21, subd. 2a (1986) because the notice of cancellation served upon them did not follow the proper statutory form. We affirm.

## FACTS

In 1958 appellants Alfred and Donna Hoffman purchased and improved certain property in Blue Earth County, Minnesota. In April 1986, after experiencing financial difficulties, the Hoffmans sold the property to Donna Hoffman's sister and brother-in-law, Maurice and Marilyn Sween. The Hoffmans then entered into a contract for deed to repurchase the subject property from the Sweens. The purpose behind the sale and subsequent execution of the contract for deed was to assist the Hoffmans during financial difficulties and to give them time to find another buyer for the property.

Pursuant to the contract for deed, the Hoffmans were responsible for all property taxes, as well as monthly payments to the Sweens. Shortly after execution of the contract for deed, the Hoffmans filed for bankruptcy under chapter 7 of the United States Bankruptcy Code. They declared the property exempt as a homestead.

On December 3, 1986, the Hoffmans entered into a purchase agreement with a third party to sell the property. At that time, they were in default on the payments due under the contract for deed. As a result, on December 12, 1986, Donna Hoffman was personally served with a notice of cancellation of the contract for deed, and Al Hoffman was served on December 15, 1986.

The notice of cancellation was drafted and signed by the Sweens's attorney, and in pertinent part provided that the contract for deed would terminate 60 days after service of the notice unless the Hoffmans paid the amount stated in the notice, complied with the conditions in default, made all payments due and owing, paid costs of service, paid attorney fees, and paid 2% of the amount in default at the time of service. The notice also informed the Hoffmans of their right to obtain a court order suspending or terminating the contract. The notice stated that a failure to obtain the proper order would result in termination of the contract at the end of the time period and loss of funds previously paid.

The notice of cancellation was not in exact compliance with Minn.Stat. § 559.21, subd. 3 (1986). The monthly payments owed and the required payment of 2% of the amount in default were listed in lower case type, while the statute requires large capital letters.

On January 9, 1987, respondent Ted Halter purchased the Sweens's interest in the contract for deed, subject to the Hoffmans's rights as vendees and the previously served notice of cancellation. On January 12, 1987, Halter also was appointed as agent for the Hoffmans's bankruptcy estate to recover property not scheduled on the bankruptcy petition.

On February 14, 1987, the Hoffmans attempted to cure the default by delivering a check to the attorney designated by the notice of cancellation to receive their payment. The attempted cure was 64 days after the December 12 service of the notice of cancellation, and 61 days after the December 15 service. The attorney had informed the Hoffmans earlier on the day of the attempted cure that the 60–day deadline had passed. When the check was delivered later that evening, the attorney again reiterated that the attempted cure was overdue, but took the check and placed it in his client trust account. Further, he expressly stated in his written receipt that the check was not taken as a reinstatement, and that he had no authority to accept a late payment as a reinstatement of the contract.

The Hoffmans subsequently initiated this action alleging improper cancellation of the contract for deed and seeking injunctive

relief. They claimed the notice of cancellation was in improper form, confusion over whether service was proper, and confusion as to the person to whom payments were to be tendered because the Sweens sold their interest to Halter.

The trial court found the Hoffmans's attempted cure of the default was ineffective because it took place after passage of the 60–day period. Although the notice of cancellation was not in strict conformity with Minn.Stat. § 559.21, subd. 3, the trial court found substantial compliance. The court further ruled the Hoffmans were not prejudiced by the discrepancies because they were aware of the 60–day time period and because the notice listed the 60–day deadline in the proper form.

## ISSUE

Did the trial court err in finding the notice of cancellation in substantial compliance with Minn.Stat. § 559.21, subd. 3, and appellants' attempted cure ineffective?

## ANALYSIS

■ The record indicates the Hoffmans did not make a motion for a new trial, and this appeal is from the judgment entered pursuant to the trial court's findings and conclusions. When there has been no motion for a new trial, the scope of review is limited to determining whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

■ The purpose of the statutory cancellation procedure is to give vendees notice of an impending cancellation and a reasonable time to redeem their interest. *Conley v. Downing,* 321 N.W.2d 36, 39 (Minn. 1982). The statute should be construed strictly to avoid unnecessary forfeitures. *Id.* at 39–40.

Absent a sufficient showing of prejudice, the Minnesota Supreme Court has determined some discrepancies in a notice of cancellation will not render it fatally defective. *Id.* at 40. In *Karim v. Werner,* 333 N.W.2d 877 (Minn.1983), a notice of cancellation misstating the amount of attorney fees was found not to be fatally defective. The court held:

We decline to hold that such misstatements render cancellation notices fatally defective. Such a misstatement does not compare with a misstatement of the statutory redemption period, which is an error of different magnitude, and renders a cancellation notice ineffective.

*Id.* at 879.

■ In addition, the failure to state the amount due under the contract is not fatal to a notice of cancellation because the vendee is presumed to know the contract terms and is not prejudiced if the amount is not stated or is stated incorrectly. *Conley,* 321 N.W.2d at 39.

■ The Hoffmans claim the notice of cancellation is rendered fatal by the failure to list the delinquent real estate taxes and the required payment of 2% of the amount in default in large capital letters as set out in Minn.Stat. § 559.21, subd. 3.

The notice of cancellation followed the proper statutory form by listing, in large capital letters, the 60–day time period to cure the default. The Hoffmans testified they were aware of the 60–day time period to cure the default. Despite their knowledge of the deadline, they failed to cure the default within the 60–day period. As the notice stated, because they failed to cure the default, the contract for deed was terminated at the end of the 60–day period and the Hoffmans lost any right to possession or to any money paid on the contract.

Any claim the Hoffmans were prejudiced by failure to properly "cap," in large upper-case type, the 2% of the default payment requirement or property taxes owed is not relevant to the timeliness of the attempted cure. Such a claim is more relevant to the issue of whether the amount of consideration tendered was sufficient as a

condition under the notice to cure the default. Neither of the alleged discrepancies had any bearing on whether the Hoffmans timely attempted to cure the default. In fact, the trial court correctly found that both the amount of monthly payments in default and the 2% of the default payment requirement were listed on the notice in lower case type, thus affording notice to the Hoffmans. Further, the Hoffmans should be presumed to have known of real estate taxes owed since they agreed in the contract for deed to pay all such taxes.

We recognize the need to closely adhere to the printed notice of cancellation form set out in Minn.Stat. § 559.21, subd. 3, as well as the need to strictly construe the statute to avoid unnecessary forfeitures. However, under the particular facts of this case, we find that the evidence sustains the trial court's findings that the Hoffmans were not prejudiced by discrepancies in the form of the notice of cancellation and that the notice substantially complied with Minn.Stat. § 559.21, subd. 3.

The Hoffmans additionally claim any rights under the cancellation notice were waived when, after passage of the 60–day deadline, the attorney designated to receive the payment accepted the check with reservation. It is undisputed that the attorney accepted the check and placed it in his client trust account, but made it clear, orally and in writing, that the time deadline had passed and that he had no authority to accept a late reinstatement.

First, a review of the record indicates the Hoffmans did not argue the issue of waiver in their briefs or arguments before the trial court. A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it. *Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982).

Second, to establish waiver, it must be shown that the waiving party had full knowledge of his or her legal rights, and intended to relinquish those rights. *Freitag v. Wolf,* 303 Minn. 139, 142, 226 N.W.2d 868, 870 (1975). Under *Freitag*, it is clear there was no "intent to relinquish" any rights under the notice of cancellation. The attorney made it clear the deadline had passed, that he would only hold the funds in the trust account, and that he had no authority to reinstate the contract.

Finally, the Hoffmans contend that equitable considerations warrant reinstatement of the contract. They claim Halter acted to obtain a profit at their expense, and that their attempted cure was only two days after passage of the 60–day time period. Given confusion as to ownership of the property and discrepancies in the notice of cancellation, they assert the entirety of the facts demonstrates an inequitable forfeiture of their property rights.

The attempted cure took place after expiration of the 60–day time period. Minn. Stat. § 559.21, subd. 2a clearly mandates termination 60 days after service of the notice. Minnesota courts have not hesitated to find a contract for deed terminated even after a party attempted to cure a default only days after expiration of the statutory time period. *See Freitag; Harrington v. Smith,* 291 Minn. 238, 190 N.W. 2d 490 (1971). We find the trial court did not err in ruling the contract for deed terminated following passage of the 60–day time period to cure the default.

## DECISION

Affirmed.