**DeVee THIELE, f.k.a. DeVee Moore, Appellant,**

v.

**Robert T. STICH, Respondent.**

**No. C1–87–645.**

Court of Appeals of Minnesota.

Dec. 22, 1987.

Review Granted Feb. 24, 1988.

828

Tracy R. Eichhorn–Hicks, Meshbesher, Singer & Spence, Minneapolis, for appellant.

Caryn F. Brenner, Lommen, Nelson, Cole & Stageberg, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant DeVee Thiele, f.k.a. DeVee Moore brought suit against respondent Robert T. Stich, an attorney, for negligent representation in the dissolution of her marriage. The trial court found the six-year statute of limitations for legal malpractice had expired prior to effective service of process and granted summary judgment in favor of respondent. We reverse and remand.

## FACTS

Appellant and her former husband, Gary Moore, hired respondent to represent them both in dissolving their marriage. Respondent advised them to change title to certain marital real estate from joint tenancy to tenancy in common. The dissolution decree, entered July 29, 1980, awarded the property equally to the parties as tenants in common.

In May 1986, Moore brought a partition action against appellant to divide the property in order to satisfy first and second mortgages on the property. The second mortgage secured a personal loan taken out by Moore. Before the divorce, Moore told appellant that the second mortgage had already been satisfied. The divorce decree did not identify or refer to any mortgage.

Appellant brought this action against respondent, alleging he negligently represented her in the divorce action by failing to check on the existence of the mortgage. On July 17, 1986, a process server went to respondent's law office to serve him with a summons and complaint. The complaint named respondent as defendant in his individual capacity only. Respondent was not in his office, and the papers were left with a receptionist, who placed them on respondent's desk. Respondent answered on Au-

gust 6, 1986, alleging insufficient service of process and lack of personal jurisdiction.

On August 14, 1986, a second summons and complaint, identical in content to the first, was delivered to respondent personally. On September 2, 1986, a second answer was served upon appellant's counsel by mail.

## ISSUE

Did the trial court err in granting summary judgment for respondent because appellant had failed to properly effect service of process before the statute of limitations expired?

## ANALYSIS

Summary judgment must be granted if there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. On review of a grant of summary judgment, this court must determine whether there are any genuine issues of fact to be litigated and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The evidence must be viewed in the light most favorable to the one against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

■ Service of process is required to be made in the following manner:

> (a) **Upon an Individual.** Upon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein.

Minn.R.Civ.P. 4.03. Appellant did not comply with Rule 4.03 in serving the first summons, as it was neither handed directly to respondent nor left at his residence with someone of suitable age and discretion. We agree with the trial court that the attempted service of the first summons was ineffective. Respondent was not effectively served until August 14, 1986.

The statute of limitations for legal malpractice is six years. Minn.Stat. § 541.05, subd. 1(5) (1986). The trial court held the limitations period began to run July 29, 1980, when the dissolution decree was entered. Because the action was not effectively commenced until August 14, 1986, the trial court found the limitations period had expired.

■ The limitations period does not begin to run until the cause of action accrues. Minn.Stat. § 541.01 (1986). A cause of action does not accrue until damage occurs. *Bonhiver v. Graff*, 311 Minn. 111, 117, 248 N.W.2d 291, 296 (1976).

■ We recently addressed the issue of when a cause of action for legal malpractice accrues in *Grimm v. O'Connor*, 392 N.W.2d 40 (Minn.Ct.App.1986). There, the attorney represented the Grimms in negotiating a contract for deed which was signed in 1973. The attorney had reached a settlement with the opposing party which eliminated an interest escalator clause previously agreed to. The agreement was reduced to a written stipulation and later incorporated into the contract for deed, which both parties signed. The Grimms claimed they did not discover the clause had been omitted until June 1982, when they sought to refinance the property subject to the contract for deed.

They commenced a legal malpractice action in 1984 for negligence in failing to inform them of the exclusion of the interest escalator clause in the contract for deed. We found the Grimms had actual and constructive knowledge that the contract for deed did not contain an interest escalator clause when they signed it. We held the Grimms were damaged, and thus their cause of action accrued, when they executed the contract for deed in 1973 because "a contract for deed has an ascertainable market value, and one with an interest escalator clause during a period of inflation is of considerably greater value than one without." *Id.* at 43.

The circumstances here differ from those in *Grimm*. Appellant believed the second mortgage on the property had been paid off before the dissolution proceedings be-

gan. She had no expectation that the decree would contain any reference to the mortgage. There was no damage until Moore filed his action in May 1986. Thus, appellant's cause of action did not accrue until May 1986.

## DECISION

Appellant's action was commenced within the limitations period.

Reversed and remanded.