**SABES & RICHMAN, INC., Appellant,**

v.

**Steven MUENZER, Respondent.**

**No. C3–88–1175.**

Court of Appeals of Minnesota.

Nov. 29, 1988.

Review Denied Jan. 25, 1989.

Fay E. Fishman, Brudvig, Peterson & Fishman, P.A., Minneapolis, for appellant.

David L. Hashmall, Todd M. Johnson, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.

Heard, considered and decided by SCHUMACHER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a grant of summary judgment to respondent Steven Muenzer. We affirm.

## FACTS

Appellant Sabes & Richman, Inc. (S & R) was established by Michael Sabes and Steven Richman to distribute liquor and bar supplies. In 1978, S & R began to purchase and re-sell "one-shot pourers," devices used to control the amount of liquor poured each time a drink was prepared. S & R purchased these pourers from manufacturer Co-Rect Products. To create its sales campaign for the pourers, S & R retained Marvy! Advertising. Marvy created an advertising brochure in February 1979.

Muenzer is an attorney who was retained initially by S & R to incorporate the business. Thereafter, he represented the corporation in various matters. When the brochure was completed, Marvy advised Sabes to "protect it" by registering a copyright. Sabes went to Muenzer for advice. After reviewing the brochure, Muenzer advised Sabes that it was not necessary at that time to do anything to the brochure to protect it. After this initial representation in 1979, Muenzer did not again represent S & R until after March 1980.

In April 1979, S & R authorized the printing and distribution of 25,000 copies of the brochure. This printing did not contain a copyright notice. Later in the same year, an additional 50,000 brochures were printed and distributed, again without a copyright notice.

Co-Rect also sold its pourers directly to restaurants and bars on a retail level. In February 1980, Co-Rect produced an advertising brochure that was similar in style and content to the Marvy brochure. Co-Rect printed and distributed this brochure for one year, beginning in March 1980 and ending in March 1981.

Both Sabes and Richman became aware of the existence of the Co-Rect brochure in March 1980. Sabes immediately contacted Muenzer regarding that brochure and was advised that a copyright application should be filed. They applied for copyright registration in February 1981.

In May 1982, S & R brought suit against Co-Rect in federal court alleging copyright infringement. The court found that S & R had not adequately perfected its copyright and that there was no infringement by Co-Rect.

S & R appealed the decision to the Eighth Circuit Court of Appeals. The decision was affirmed in 1985. *See Co-Rect Products, Inc. v. Marvy! Advertising Photography, Inc.*, 780 F.2d 1324 (8th Cir. 1985). Rehearing was denied on January 22, 1986.[1]

On May 16, 1986, S & R brought a malpractice action against Muenzer alleging

---

1. The briefs and the trial judge's memorandum indicate that rehearing was denied February 21, 1986, but the official report indicates January 22, 1986.

that Muenzer gave incorrect copyright advice to the corporation in 1979. Muenzer moved for summary judgment. The trial court granted the motion, holding that the statute of limitations was not tolled during the period that S & R sought relief against Co–Rect in federal court.

### ISSUE

Did the trial court err in granting summary judgment?

### ANALYSIS

Summary judgment will be granted if "there is no genuine issue as to any material fact and * * * either party is entitled to judgment as a matter of law." Minn.R. Civ.P. 56.03. On appeal from a summary judgment, it is the function of the appellate court to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The evidence must be viewed in the light most favorable to the one against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

The statute of limitations for a claim of legal malpractice is six years. Minn.Stat. § 541.05, subd. 1(5) (1986). A right of action does not accrue and the statute of limitations does not begin to run until damage occurs. *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 154, 158 N.W.2d 580, 585 (1968), *cited with approval in Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 429 (Minn.1988). *See also Grimm v. O'Connor*, 392 N.W.2d 40 (Minn.Ct.App.1986).

The trial court granted summary judgment because the action was not commenced within the statute of limitations. The trial court concluded that the damage occurred in 1980 and stated:

> The uncontested facts in this action indicate that plaintiff [S & R] first suffered damage because of their failure to place

a copyright notice upon their advertising brochure * * * in March, 1980 when Co–Rect Products printed and distributed its advertising brochure.

S & R argues that its damages from Muenzer's conduct were speculative pending a decision in the Co–Rect lawsuit. S & R argues that it had no knowledge of any damage until the federal court action was decided against the corporation, and that the statute of limitations should not begin to run until both knowledge and damage from the malpractice exist.

Our decision is controlled by the law established in *Dalton*. Ignorance of a cause of action does not toll the accrual of the cause of action absent allegations of continuing negligence, trespass or fraud. *Dalton*, 280 Minn. at 153, 158 N.W.2d at 584. No such allegations have been made in this case. Furthermore, the statute of limitations begins to run after damage occurs, even though the ultimate damage is unknown or unpredictable. *Id.* at 154, 158 N.W.2d at 585. We agree with the trial court's conclusion that damage occurred with the distribution of the Co–Rect brochure. Furthermore, S & R could have started suit on the malpractice claim much earlier. The copyright issue was decided in the federal district court in November 1984 and was not appealed. *See Co–Rect Products.* We hold that S & R's action was barred by the statute of limitations and that the trial court properly granted summary judgment.

S & R relies on our analysis in *Thiele v. Stich*, 416 N.W.2d 827 (Minn.Ct.App.1987), *rev'd* 425 N.W.2d 580 (Minn.1988), contending that the supreme court reversed on the ground that the issue of when the malpractice action accrued was not raised in the trial court and was not preserved for appeal. Our holding in *Thiele* was based on *Grimm* and must be read in connection with *Grimm* and *Dalton*. In *Grimm*, we stated that

> the statute of limitations begins to run when the cause of action comes into being "even though the ultimate damage is unknown or unpredictable."

*Id.* at 43 (quoting *Dalton,* 280 Minn. at 154, 158 N.W.2d at 585). Applying the rules of law in *Grimm* and *Dalton* to this case, it is evident that the damage occurred in March 1980 with the printing and distribution of the Co–Rect brochure. Furthermore, we find that the facts in *Thiele* are distinguishable and do not constitute a precedent on which S & R can rely.

In effect, S & R asks us to adopt the discovery rule, which would toll the statute of limitations until there is knowledge of the cause of action. This rule was rejected in *Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.,* 291 Minn. 145, 149, 190 N.W.2d 77, 81 (1971).

S & R's reliance on *Amfac Distribution Corp. v. Miller,* 138 Ariz. 155, 673 P.2d 795 (Ariz.Ct.App.1983), *aff'd as modified* 138 Ariz. 152, 673 P.2d 792 (1983), and *Robinson v. McGinn,* 195 Cal.App.3d 66, 240 Cal.Rptr. 423 (1987), *rev. denied* (Dec. 22, 1987), is also misplaced. These cases are distinguishable on their facts and do not control our decision here.

Finally, S & R raises the question of continuous representation and argues that the cause of action did not accrue in March 1980, but continued until the copyright application was filed in February 1981. A review of the record shows that S & R did not argue this issue in the briefs or arguments before the trial court. We have held that:

> A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.

*Hoffman v. Halter,* 417 N.W.2d 747, 751 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. March 18, 1988).

## DECISION

AFFIRMED.