ST. LOUIS COUNTY ATTORNEY'S OFFICE, Appellant,

v.

TWENTY–FOUR THOUSAND SIX HUNDRED FORTY–THREE AND 01/100 DOLLARS ($24,643.01) IN VARIOUS DENOMINATIONS OF U.S. CURRENCY and Twenty–Four Video Poker Machines, Respondents.

No. C0–94–1076.

Court of Appeals of Minnesota.

Dec. 13, 1994.

Review Denied Feb. 14, 1995.

---

Alan M. Mitchell, St. Louis County Atty., Malcolm B. Davy, Asst. County Atty., Duluth, for appellant.

Ronald I. Meshbesher, Jack S. Nordby, Minneapolis, for Robert F. Kervina and Kerr's Co., Inc.

Considered and decided by CRIPPEN, P.J., and SHORT and THOREEN *, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Robert Kervina was convicted in federal court of federal gambling violations arising out of his operation of an illegal gambling business in Minnesota. The St. Louis County Attorney filed a complaint in state court seeking forfeiture of cash and video poker machines allegedly used in respondent's gambling business. The trial court granted respondent's motion for summary judgment on the ground that forfeiture under the governing state statute depends on a gambling conviction under Minnesota law. We affirm.

## FACTS

Prior to October 1989, respondent Robert Kervina operated an extensive illegal video poker gambling business in several Duluth area bars. Respondent supplied the bars with video poker machines owned by Kerr's Company, Inc., doing business as Twin Ports Amusements (Twin Ports), a corporation owned and operated by Kervina. The bars illegally paid cash prizes to customers for accumulating a certain number of points on the machines and Kervina would split the profits with the bar owners.

In October 1989, as part of an investigation into illegal video poker gambling, state and federal law enforcement agents executed search warrants in several Duluth area bars, including some of the bars that respondent Kervina supplied with video poker machines. During their search, law enforcement seized several video poker machines owned by Twin Ports. Officers also executed search war-

---

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

rants at the business premises of Twin Ports and on respondent's Cadillac automobile, resulting in the seizure of more video poker machines and cash allegedly connected with respondent's illegal gambling business.

Respondent was charged in federal court with federal gambling offenses based on his operation of the gambling business. He pleaded guilty to one count under the federal RICO statute for operating an illegal gambling business in violation of state law. 18 U.S.C. § 1955 (1988). He has never been charged or convicted in state court for violating any Minnesota gambling laws.

The St. Louis County Attorney filed a complaint seeking forfeiture of $15,683 cash and 19 video poker machines owned by respondent and Twin Ports that were seized by law enforcement. The parties brought cross-motions for summary judgment. Granting judgment for respondent, the trial court held that the gambling forfeiture statute requires a gambling conviction under Minnesota law and respondent had only been convicted under federal law. The court ordered the return of the cash and video poker machines.

### ISSUE

Is forfeiture under the gambling forfeiture statute dependent upon a gambling conviction under Minnesota law?

### ANALYSIS

■ On appeal from the trial court's summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The trial court in this case granted summary judgment based on its interpretation of the gambling forfeiture statute. Statutory construction is a question of law that this court reviews de novo. *State v. Bonynge,* 450 N.W.2d 331, 337 (Minn.App.

1990), *pet. for rev. denied* (Minn. Feb. 21, 1990).

■ Minnesota's gambling forfeiture statute provides that all "[d]evices used or intended for use * * * as a gambling device" and "[a]ll moneys used or intended for use as payment to participate in gambling or a prize or receipt for gambling" are subject to forfeiture. Minn.Stat. § 609.762 subd. 1(a), (b) (1988). The statute says property must be forfeited "after a conviction for a gambling violation", Minn.Stat. § 609.762 subd. 4,[1] subject to this further direction:

> [i]f after conviction the court finds the property, or any part of it, was used in violation as specified in the complaint, it shall order that the property be sold or retained by the law enforcement agency for official use. Proceeds from the sale of forfeited property may be retained for official use and shared equally between the law enforcement agency investigating the offense involved in the forfeiture and the prosecuting agency that prosecuted the offense involved in the forfeiture and handled the forfeiture proceedings.

*Id.* § 609.762 subd. 4(c). The issue here is whether the prerequisite conviction must be one under Minnesota law.

■ We are guided in our interpretation of this statute by the principle that penal provisions are to be strictly construed and reasonable doubts must be interpreted in favor of the defendant. *State v. Larson Transfer & Storage, Inc.,* 310 Minn. 295, 304, 246 N.W.2d 176, 182 (1976); *State v. Corbin,* 343 N.W.2d 874, 875 (Minn.App.1984). Appellant is correct that forfeiture is a civil in rem action. *State v. $6276,* 478 N.W.2d 333, 335 n. 1 (Minn.App.1991) *pet. for rev. denied* (Minn. Jan. 30, 1992). But

> '[t]o the extent that the owner of forfeit property is caused loss and inconvenience resulting from the commission of certain offenses, the forfeiture provisions are puni-

---

1. This is different from the general forfeiture statutes, Minn.Stat. §§ 609.531–.5318 (1992), which are separate from the gambling forfeiture statute and which, in general, do *not* require a conviction for property to be subject to forfeiture.

The appropriate agency handling the forfeiture * * * bears the burden of proving *the act or*

*omission* giving rise to the forfeiture * * * except that in cases arising under section 609.5312, the designated offense may only be established by a criminal conviction.

Minn.Stat. § 609.531 subd. 6a. (Emphasis added).

tive in effect and are subject to careful scrutiny by the Court.'

Since the implementation of the forfeiture provisions penalizes a defendant for participating in a designated offense, the forfeiture statute is in effect a quasi-penal statute. Penal statutes must be strictly construed and any doubt must be resolved in favor of the defendant.

*City of Faribault v. One 1976 Buick LeSabre,* 408 N.W.2d 584, 588 (Minn.App.1987) (citations omitted) (quoting *United States v. One 1970 Buick Riviera,* 374 F.Supp. 277, 279 (D.Minn.1973)). Cf. *Worthington Police v. One 1988 Chevrolet Berreta,* 516 N.W.2d 581, 583 (Minn.App.1994) (Civil sanctions, including forfeiture, are construed as punishment for purposes of Eighth Amendment analysis, regardless of label as criminal or civil, when the "sanction is not solely remedial but also serves retributive or deterrent purposes.") (citing *Austin v. United States,* — U.S. —, —, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993)).

 Here, forfeiture of the subject property is not "solely remedial" but is being sought, at least in part, to penalize respondent Kervina for illegal gambling activities and deprive him of illegally acquired assets. And forfeiture under the gambling forfeiture statute is mandatory regardless of remedial need. *See* Minn.Stat. § 609.762 subd. 4(c) (when statute governs, court "shall" order forfeiture).[2] The gambling forfeiture statute is a quasi-penal statute and, as such, it must be strictly construed and any doubt as to its meaning must be resolved in favor of the defendant.[3]

We agree with the trial court that forfeiture under the gambling forfeiture statute must be supported by a gambling conviction under Minnesota law. The term "conviction" is not defined in the governing statute. But in other statutes where the legislature intended to include convictions from other jurisdictions within the meaning of the term "conviction" it has explicitly said so. For example, Minn.Stat. § 169.121 subd. 3 (1992) defines a "prior impaired driving conviction" as a prior conviction under Minnesota law or another state's statute or ordinance that is in conformity with Minnesota law. Similarly, in Minn.Stat. § 609.152 subd. 1(b) (1992) the term "conviction", for purposes of determining whether a felon is a career offender, specifically includes a conviction in Minnesota or any other jurisdiction. The absence of such a definition in the gambling forfeiture statute indicates that the legislature intended the term conviction to refer only to convictions under Minnesota law. *See State v. Hulst,* 510 N.W.2d 262, 264 (Minn.App.1994) (reversing conviction for refusal to submit to a chemical test based on out-of-state license revocation, where statute (Minn.Stat. § 169.121, subd. 1a (1990)) contained no language indicating that revocation under an out-of-state law would support a conviction.)

In addition, Minn.Stat. § 609.762 subd. 4(c) (1988) states that the proceeds from the sale of property forfeited under the gambling for-

---

**2.** Interpreting the pre–1988 version of the general forfeiture statute, Minn.Stat. § 609.531 (1986), this court held that the trial court had discretion to decide whether or not to order forfeiture. *City of Faribault,* 408 N.W.2d at 588. The court relied on language in subdivision 6(c) of that statute which stated that the court "may" order forfeiture after a conviction for a designated offense. However, the corresponding section of the gambling forfeiture statute, Minn.Stat. § 609.762 subd. 4(c) (1988), states that the court "shall" order forfeiture after a gambling conviction. Therefore, under the gambling forfeiture statute, forfeiture of the subject property is mandatory.

**3.** Appellant cites Minn.Stat. § 609.531 subd. 1a (1992) to support its argument that the gambling forfeiture statute is a remedial statute which should be liberally construed:

Sections 609.531 to 609.5318 must be liberally construed to carry out the following remedial purposes:
(1) to enforce the law;
(2) to deter crime;
(3) to reduce the economic incentive to engage in a criminal enterprise;
(4) to increase the pecuniary loss resulting from the detection of criminal activity; and
(5) to forfeit property unlawfully used or acquired and divert the property to law enforcement purposes.

By its plain language, this subdivision applies only to the general forfeiture statutes; it does not refer to the gambling forfeiture statute, Minn. Stat. § 609.762. We do not decide whether the legislature can abrogate the rule of strict construction by statute, as it purported to do in this subdivision.

feiture statute are to be shared equally between the law enforcement agency that investigated the offense that was the basis for the forfeiture and the prosecuting agency that prosecuted the offense. Here, the agency that prosecuted the offense in question was the United States Attorney for Minnesota. It is reasonable to conclude that the legislature did not expect Minnesota prosecutors to seek forfeiture for the benefit of prosecutors in other jurisdictions.

Respondent Kervina has not been convicted of any Minnesota gambling offense and his federal gambling conviction will not support forfeiture under Minnesota's gambling forfeiture statute.

Appellant argues that, as an element of his conviction under the federal RICO statute, Kervina admitted in his plea agreement that his operation of the gambling business violated state law. *See* 18 U.S.C. § 1955(b)(1) (1988) ("Illegal gambling business" defined as a gambling business which is in violation of the law of the state where it was conducted). But an admission that one has violated state law is not a state conviction for that offense, and the gambling forfeiture statute requires a state conviction.

Finally, appellant argues that forfeiture is supported by the state court gambling convictions of the bar owners who used respondent's video poker machines. We need not decide the merit of this contention. Although the owners were supposedly prosecuted in St. Louis County, appellant has not produced copies of their convictions. Nor has appellant produced evidence indicating of what crimes these owners were convicted, the factual basis for these convictions, or the connection between the convictions and the subject property.

Once the moving party has made out a prima facie case that entitles it to summary judgment, the burden shifts to the nonmoving party to produce specific facts that raise a genuine issue for trial. *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 329–32, 106 S.Ct. 2548, 2556–57, 91 L.Ed.2d 265 (1986)); Minn.R.Civ.P. 56.05. The nonmoving party may not rely upon mere averments in the pleadings or unsupported allegations but must come forward with specific facts to satisfy its burden of production. *Musicland Group, Inc. v. Ceridian Corp.*, 508 N.W.2d 524, 531 (Minn.App.1993). Appellant has failed to come forward with specific facts in response to respondents' motion for summary judgment to support its allegation that the bar owners' state court convictions will support forfeiture in this case.

## DECISION

Appellant has failed to produce facts to show that there has been a conviction within the meaning of the Minnesota gambling forfeiture statute. Robert Kervina's federal gambling conviction does not support forfeiture under the Minnesota gambling forfeiture statute.

**Affirmed.**