**Terry L. ADKINS, Rochester City Attorney, Appellant,**

v.

**1979 MIDAS R.V., MINNESOTA LICENSE # RV28952, VIN: MIIY2E3KF00091, Respondent.**

**No. C4–95–2189.**

Court of Appeals of Minnesota.

April 30, 1996.

Thomas M. Canan, Assistant City Attorney, Rochester, for appellant.

Delores Opat, Rochester, pro se.

Considered and decided by WILLIS, P.J., TOUSSAINT, C.J., and CRIPPEN, J.

## OPINION

WILLIS, Judge.

The Rochester city attorney appeals from the denial of his motion for summary judgment in a forfeiture action against respondent motor vehicle, arguing that there are no issues of material fact and that the district court erred by concluding that forfeiture under Minn.Stat. § 169.1217 is discretionary, rather than mandatory.

## FACTS

Police arrested and charged Delores Opat with aggravated driving under the influence (aggravated DWI). After Opat pleaded guilty to the charge, appellant Rochester city attorney filed a separate complaint for forfeiture of the vehicle Opat was driving when she committed the aggravated DWI offense. The complaint described the vehicle, specified that it was used in the commission of Opat's aggravated DWI offense, specified the time and place of the unlawful use, and stated that Opat's driving privileges had been cancelled as inimical to public safety or welfare under Minn.Stat. § 171.04, subd. 1(8) (1994). The city attorney moved for summary judgment.

At the summary judgment hearing, appellant presented evidence that Opat owned the vehicle, that she used the vehicle in commission of the offense, that she was convicted of the offense, that she had more than four impaired driving convictions within the past 15 years, and that her driving privileges had been cancelled under section 171.04, subd. 1(8). The district court found that Opat was the operator of the vehicle on the date of the offense.

During the hearing, the district court stated that "the issue of forfeiture is discretionary with the Court." The court denied appellant's summary judgment motion and granted summary judgment to respondent. The court ordered Opat to find a family member who would accept transfer of title to the vehicle. The court later amended its order to require Opat to deliver the vehicle title to the court administrator until Opat sold the vehicle and deposited the proceeds with the court administrator. The order required the court administrator to pay transportation and storage costs and to disburse the remaining proceeds to Opat. The court entered judgment, and this appeal followed.

## ISSUE

Where undisputed evidence shows that a vehicle is subject to forfeiture under Minn. Stat. § 169.1217, does a district court err by failing to order forfeiture?

## ANALYSIS

On appeal from summary judgment, this court asks whether any genuine issues of material fact exist and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4

(Minn.1990). A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984).

The record supports appellant's argument that no genuine issues of material fact exist. Minnesota's motor vehicle forfeiture statute provides that "[a] motor vehicle used to commit a designated offense is subject to forfeiture under this subdivision." Minn.Stat. § 169.1217, subd. 8(a) (1994). "Designated offense" includes a violation of the aggravated DWI statute by a person whose driving privileges have been cancelled as "inimical to public safety or welfare" under Minn.Stat. § 171.04, subd. 1(8) (1994). Minn.Stat. 169.1217, subd. 1(b)(3); *see* Minn.Stat. § 169.129 (1994) (aggravated DWI statute). "Designated offense" also includes a violation of the aggravated DWI statute "within 15 years of the first of four or more prior driving under the influence convictions * * * based on separate incidents." Minn.Stat. § 169.1217, subd. 1(b)(2) (1994). A vehicle is subject to forfeiture if the "driver is convicted of the designated offense." Minn.Stat. § 169.1217, subd. 7(a) (1994). Moreover, the vehicle is subject to forfeiture only if the owner "knew or should have known of the unlawful use or intended use." Minn.Stat. § 169.1217, subd. 7(d) (1994). The agency seeking forfeiture must file a separate complaint against the vehicle that describes it, specifies that it was used in the commission of a designated offense, and specifies the time and place of its unlawful use. Minn. Stat. § 169.1217, subd. 8(b) (1994).

■ The record shows that Opat was convicted of aggravated DWI at a time when her driving privileges had been cancelled under Minn.Stat. § 171.04, subd. 1(8). Further, Opat had more than four prior driving under the influence convictions within the 15 years prior to the aggravated DWI conviction. The evidence shows that Opat owned the vehicle and that she used it in the commission of the aggravated DWI offense. The city attorney's office filed a separate complaint that complied with the statute. The record contains no evidence refuting these facts. As a result, no genuine issues of material fact exist, and we conclude that the vehicle is subject to forfeiture as a matter of law.

■ The statute requires that if a vehicle is subject to forfeiture, the court "shall order the appropriate agency to: (1) sell the vehicle and distribute the proceeds * * * or (2) keep the vehicle for official use." Minn.Stat. § 169.1217, subd. 9(a)(1)-(2) (1994). The statute's use of "shall" means that the action is mandatory. Minn.Stat. § 645.44, subd. 16 (1994). Thus, the district court erred by concluding that it had discretion to order forfeiture.

In *St. Louis County Attorney's Office v. Twenty–Four Thousand Six Hundred Forty–Three and 01/100 Dollars,* 524 N.W.2d 542, 545 (Minn.App.1994), *review denied* (Minn. Feb. 14, 1995), this court distinguished between mandatory and permissive forfeitures. The court reasoned that after a gambling conviction, forfeiture of gambling-related property is mandatory because the gambling forfeiture statute uses "shall," rather than "may." *Id.* at 545 & n. 2. The forfeiture statute at issue here also uses "shall." Minn.Stat. § 169.1217, subd. 9(a). Consequently, district courts must order forfeiture of motor vehicles that are subject to forfeiture under the statute.

## DECISION

Forfeiture of respondent motor vehicle was mandatory where uncontroverted evidence showed that the vehicle was subject to forfeiture.

**Reversed.**